NANCY JOSEPHINE AKERS *et al.*, Petitioners-Appellants, *v.* CYNTHIA CHRISTINA CHRISTEN, a Minor, *et al.*, Defendants-Appellees.

(No. 12130;

Fourth District—May 16, 1973.

Richard Shaikewitz of Wiseman, Shaikewitz, and McGivern, of Alton, for appellants.

A. Alan Hart, of Alton, for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Jersey County vacating and setting aside a decree of adoption. We affirm.

On February 11, 1971, the plaintiffs filed a petition for the adoption of Cynthia Christina Christen. Cynthia, now age 5, had resided with the plaintiffs since September 1970. Upon the filing of the petition for adoption, service was had upon the child on February 12, 1971, and upon the defendants, her parents, on February 16, 1971. The petition alleged that Cynthia was the niece of the plaintiffs and that the defendants were unfit parents, had criminal records, and had given the child to the plaintiffs. It was also asserted that the defendants had not contributed to her support.

On March 11, 1971 "on the court's own motion", the petition was con-

tinued for thirty days by an order of a judge of the circuit court of Jersey County. According to the mother, she appeared before a judge of the court on that date and requested the continuance in order to employ counsel.

On April 1, 1971, the petition was heard. The court found the defendants in default and the petition was treated as confessed. An answer was on file by the guardian ad litem appointed to represent the child sought to be adopted. Evidence was heard and a decree was entered on April 1, 1971. At the time of that proceeding, the record does not indicate that any mention was made of the March 11, 1971 order for a continuance. The decree of adoption on April 1 was entered by a different judge.

On March 7, 1972, some 11 months after the decree, the defendant-mother filed a motion to vacate the decree. In that motion the foregoing was set forth as well as other information as to her then current status and as to denial of certain of the matters set forth in the petition for adoption. This motion to vacate was denied on June 22, 1972. At the time of that proceeding, however, the court granted the defendant-mother leave to file additional pleadings.

Thereafter, on August 3, 1972, the defendant filed pleadings which the trial court correctly treated as a petition to set aside the decree pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72). This pleading again set forth the chronology of events and other factual matters in defense of the allegations set forth in the petition. This petition was allowed and the decree of adoption was vacated.

■■ Section 72 of the Civil Practice Act provides a method for obtaining relief from final orders, judgments or decrees. That section of the Practice Act, like the balance of the Act, is applicable to adoption proceedings by a reason of express statutory language (Ill. Rev. Stat. 1971, ch. 4, par. 9.1—20). While adoption proceedings should be "final" and the status determined in an adoption proceeding should not be disrupted by subsequent or collateral litigation as the appellees suggest, such does not prevent a section 72 proceeding. It is the purpose of a proceeding under section 72 of the Practice Act to bring before the court facts not appearing of record which, if known to the court at the time the decree or judgment was entered, would have prevented its rendition. *Danforth v. Checker Taxi Co.*, 114 Ill.App.2d 471, 253 N.E.2d 114.

■■ Since the 1952 case of *Ellman v. DeRuiter*, 412 Ill. 285, 106 N.E.2d 350, the use of motions or petitions under section 72 of the Practice Act has been expanded so that equitable principles could be applied in granting relief. Indeed, section 72 proceedings can be said to be addressed to the equitable powers of the court when the exercise of such power is needed to prevent an injustice.

■ The language in the adoption statute (Ill. Rev. Stat. ch. 4, par. 9.1—20) limiting appeals and providing that no appeal may be taken more than 30 days after the decree, order or judgment, cannot be construed as inconsistent with the opportunity for relief under section 72.

■■ In this case, the continuance was "of record" in the sense of a docket entry. It was not known to the court, nor made known to the court at the time of the adoption hearing. We cannot conceive of any court that would default a party and take a petition as confessed against him in an adoption proceeding before the expiration of a continuance granted by the court, if the court has knowledge of such continuance. Clearly, then, had the fact of the continuance been known to the court, the decree would not have been entered on April 1, 1971.

The essence of due process is notice and opportunity to be heard. In this case, the defendant-mother was denied the opportunity to be heard and to defend her parental right. (See *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551.) The order vacating the decree of adoption entered by the circuit court of Jersey County should be, and is, hereby affirmed. This cause is remanded to that court for further proceedings.

Affirmed and remanded.

SMITH and TRAPP, JJ., concur.