36 Ill. App.3d 962 (1976)
344 N.E.2d 501
In re ADOPTION OF LISA SIMONE DALY et al.  (TERRENCE P. COWHEY, Petitioner-Appellant,
v.
SUZANNE TATOR, f/k/a Suzanne Cowhey and Suzanne Daly, et al., Respondents-Appellees.)
No. 61283.
Illinois Appellate Court  First District (1st Division).
Opinion filed March 15, 1976.
*963 Torme, Horwich & Briskman, of Chicago (Joseph M. Horwich, of counsel), for appellant.
No brief filed for appellees.
Orders affirmed.
Mr. JUSTICE BURKE delivered the opinion of the court:
This appeal arises from a post-decree petition of Terrence P. Cowhey, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), to vacate a judgment for adoption. The trial court granted the respondent's motion to dismiss the petition and denied the petitioner's motion to overrule its dismissal of the petition. The petitioner appeals from these two orders contending that it was error for the court to dismiss his petition to vacate the adoption. The petitioner contends that the adoption decree should be vacated because the marriage between his former wife and himself who were both parties to the joint adoption was dissolved by a subsequent annulment.
As this petition was dismissed before there could be a hearing on the evidence, the record is largely made up of the petition and attached documents. On May 16, 1974, Terrence P. Cowhey filed a petition to vacate the decree for adoption. The respondents are the three minors the petitioner had previously adopted; the petitioner's former wife, Suzanne Tator; and Mrs. Tator's first husband, John Daly, the natural father of the minors. The petition alleged that the three minors are the natural children of Suzanne Tator and John Daly, born during the marriage of Suzanne and John. The marriage of Suzanne and John was severed by a divorce decree in 1966, wherein Suzanne was awarded custody of the three children. On February 6, 1970, petitioner Cowhey and Suzanne were married. On July 14, 1970, they filed a joint petition to adopt the three Daly children. A judgment for the adoption of the three children was entered on October 8, 1970, in the circuit court of Cook County. The petitioner and Suzanne lived together with the children in Chicago, as husband and wife, from their marriage through the time of the adoption.
The section 72 petition alleges that immediately after the judgment for adoption was entered, Suzanne began complaining about the climate *964 in Chicago and expressed a desire to move to Colorado for health reasons. Mr. Cowhey could not move to Colorado because of active business interests in Chicago. He consented to her move to Colorado, and he purchased a condominium for her to live in there. Suzanne then moved to Colorado and took the children with her. The petition alleges that Suzanne began to cohabit with a ski instructor after her arrival in Colorado. The petitioner subsequently filed to annul his marriage with Suzanne on the ground of fraud, and an annulment was granted by the circuit court of Cook County on March 13, 1974, 2 1/2 years after the adoption was granted. Suzanne has since married the ski instructor and changed her name to Suzanne Tator.
The petition then alleges that the earlier agreement of Suzanne to marry the petitioner, Terrence P. Cowhey, was conditioned upon the petitioner's adoption of the three Daly children, and was predicated upon a fraudulent scheme by Suzanne to have the petitioner, a man of means, adopt the three children. Suzanne's acceptance of the petitioner's proposal of marriage, the petition alleges, was fraudulently devised by Suzanne and the sole purpose of the "pretended marriage" was to obtain the adoption of the children. The petition then alleges that Suzanne told the petitioner that she had never intended to live with him as husband and wife and that she had only married him to obtain the adoption. Count II of the petition reiterates these allegations and then urges that because the petitioner's marriage to Suzanne has been declared null and void from the beginning by the annulment decree, the petitioner and Suzanne were not married at the time of the adoption and therefore could not jointly adopt the three children.
Before any evidence was presented in this matter, the guardian ad litem who had been appointed for the three minors, moved to dismiss Mr. Cowhey's petition to vacate the adoption. The court, finding the guardian ad litem's motion to dismiss well founded, granted the motion. The court also denied the petitioner's motion to overrule the motion to dismiss. The petitioner has appealed from these rulings contending that his petition alleged sufficient facts, which if found to be true, would be grounds for vacating the adoption.
The petitioner's theory of the case involves two basic propositions. The first is that when an annulment of a marriage is granted on the ground of fraud as claimed herein, the marriage is void from the beginning. He contends that in effect Suzanne and he were never married and therefore not married at the time of the adoption. The second proposition advanced by Mr. Cowhey is that if the petitioner and Suzanne were not married at the time of the adoption proceeding, they were not persons legally capable under section 2 of the Illinois Adoption *965 Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1-2) of being parties to a joint adoption.
A search of the case law reveals that the issue whether a marriage annulled on the ground of fraud would void an intervening joint adoption by the parties to the annulment is rather unique, and precedents in this area are sparse. However, there have been cases which have dealt with the issue of whether the doctrine allowing annulments to "relate back" to the beginning of a marriage making these marriages void ab initio, should be applied so as to affect the rights of third parties. In considering whether the doctrine of finding annulled marriages void from the beginning should be applied here, we must keep in mind that we are dealing with the rights of third parties here, the adopted minors, and not merely with the rights and obligations of the two partners to the marriage.
In Illinois it has been stated that while a marriage partner may be relieved of his obligations as a spouse in a voidable marriage, his obligations as a parent are still enforceable despite the fact that the marriage has been declared void. (Long v. Long, 15 Ill. App.2d 276, 145 N.E.2d 509.) Other states have also found that while an annulment will result in the marriage being declared void from the beginning, this doctrine is often not applied where it would affect the rights of third parties. (Sleicher v. Sleicher (1929), 251 N.Y. 366, 167 N.E. 501; Sefton v. Sefton (1955), 45 Cal.2d 872, 291 P.2d 439.) As Justice Cardozo stated in the Sleicher case, the doctrine which declares an annulled marriage void from the beginning has limits and these limits are especially applicable in cases where the rights of third parties are involved.
In Stanford v. Stanford (Tex. Civ. App. 1947), 201 S.W.2d 63, a case with many similar facts to our case, the former husband and adoptive father sued to annul a joint adoption he and his former wife had been granted. Among his allegations was that the adoption had been a fraud on himself and the court because at the time of the adoption his wife had intended to divorce him, and she in fact had filed for a divorce only two weeks after the adoption was granted. The court in Stanford found that these charges provided no support for his action to vacate the adoption. It held that only evidence which would show that vacating the adoption would work to the best interests of the child was relevant to the issue. The emphasis on the best interests of the child is also reflected in the recent addition of section 20a to the Illinois Adoption Act. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1-20a.) This section provides that, "The best interests and welfare of the person to be adopted shall be of paramount consideration in the construction and interpretation of this Act."
*966 In the instant case there is nothing in the petition at trial or the brief on appeal which considers the best interests of the adopted children. The petition to vacate the adoption rests solely on the statement that the marriage of the petitioner and his former wife was annulled subsequent to their joint adoption of the minors. We are of the opinion that it would be improper in the posture of this case to apply the doctrine which declares an annulled marriage void from the beginning to the validity of the adoption because it will affect the rights of minors, who are third parties to the annulment action. The adopted minors were not parties to the alleged fraud the petitioner's former wife may have perpetrated upon the petitioner, and they should not suffer for the acts of another. We believe that this view is consistent with the Adoption Act's strong concern for the best interests of the adopted children. Therefore, we reject the petitioner's contention that he and his former wife Suzanne were not married at the time they adopted Suzanne's three children.
The petition to vacate the adoption, therefore, does not state a valid cause of action, and the trial court's dismissal of the petition was proper. While it is unclear from the record what the trial court's reason for dismissing the petition was, a court of review will uphold the order of a trial court if the record at trial reveals a justification for that order. Reidelberger v. Bi-State Development Agency, 8 Ill.2d 121, 133 N.E.2d 272; W.F. Smith & Co. v. Lowenstein, 4 Ill. App.3d 153, 280 N.E.2d 547; Haney v. Haney, 37 Ill. App.2d 216, 185 N.E.2d 409.
The appellee in this appeal, the guardian ad litem appointed to represent the minors, has not filed an appearance or a brief in accordance with Supreme Court rules. In such a circumstance this court may determine the case on its merits or, in its sound discretion, reverse based upon the failure of the appellee to comply with the Supreme Court rules. (Hardin v. Hardin, 18 Ill. App.3d 69, 309 N.E.2d 325; People ex rel. Pullman Bank & Trust Co. v. Fitzgerald, 14 Ill. App.3d 247, 302 N.E.2d 429; Shinn v. County Board of School Trustees, 130 Ill. App.2d 908, 266 N.E.2d 123.) We have elected to decide this appeal on its merits because the rights of minors are involved.
Accordingly the orders granting the respondent's motion to dismiss the petition and denying the motion to overrule that dismissal are affirmed.
Orders affirmed.
GOLDBERG, P.J., and SIMON, J., concur.