*In re* PETITION OF MICHAEL GLICK *et al.* TO ADOPT ANDREA GLICK *et al.*, Minors (Michael Glick *et al.*, Petitioners; Diane Glick, Appellant).

First District (1st Division)   No. 1—91—1291

Opinion filed March 28, 1994.

Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE MANNING delivered the opinion of the court:

Petitioner Diane Glick appeals from a judgment of the trial court denying her section 2—1401 petition to vacate a judgment of adoption. (735 ILCS 5/2—1401 (West 1992).) On appeal, Diane argues that the trial court erred in denying her petition. Joint petitioner Michael Glick, who did not oppose this action, is not a party to this appeal. The guardian *ad litem*, who did oppose the section 2—1401 petition, has not filed anything in response to this appeal. Therefore, we will consider Diane's argument under the guidelines set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493. For the following reasons, we reverse and remand.

According to Diane's section 2—1401 petition, on April 10, 1987, she and Michael Glick were married in Cook County, Illinois. At the time the parties were married, Michael had two children by a previous marriage and Diane was pregnant. Diane alleged that Michael represented to her that he wished to be married, and that he would fulfill his marital duties and obligations as a husband and father. Diane alleged that Michael convinced her to adopt his two children, and that based on his representations, the parties filed a joint petition requesting Diane be allowed to adopt them. The court entered a judgment of adoption on October 28, 1987.

Diane alleged in the petition that, unbeknownst to her at the time she agreed to adopt the children, Michael had been involved in an adulterous relationship, which continued through the course of the adoption proceedings. Diane asserted that she relied on the representations of Michael concerning the parties' marriage, which representations were completely false and fraudulent. Diane further alleged that because of her reliance upon the representations made by Michael, equity requires that the judgment of adoption be set aside. Diane stated in the petition that it was in the best interest and welfare of the children that the adoption be vacated and that the parental relationship be dissolved. In support of her request that the court grant her section 2—1401 petition, Diane alleged that immediately upon learning about Michael's actions, she exercised due diligence in filing the petition.

On July 13, 1989, Michael filed a motion to strike and dismiss Diane's section 2—1401 petition. In his motion, Michael argued that Diane's section 2—1401 petition to dismiss failed to state a cause of action and merely stated conclusions without additional facts.

On June 29, 1990, while Diane's section 2—1401 petition to vacate and Michael's motion to strike the section 2—1401 petition were pending, a judgment of dissolution of marriage was entered by the trial court. The judgment incorporated a marital settlement agreement which provided, in part:

> "The parties agree that in conjunction with the execution of this Agreement, they shall submit a proposed agreed order to the Honorable Curtis Heaston, *** in the case of 'In re the Petition of Michael Glick and Diane Glick, *** Case No. 87 COA 1644,' vacating the decree of adoption entered in that case on or about October 28, 1987 ***."

On October 29, 1990, a hearing was held on the petition. Both attorneys advised the court that the marriage had been dissolved and that the dissolution order incorporated the parties' agreement to vacate the adoption. The court appointed a guardian *ad litem* on

behalf of the children. The court subsequently conducted an evidentiary hearing on Diane's section 2—1401 petition. Only Diane testified at the hearing.

Her testimony revealed that she married Michael in April 1987 and agreed to adopt his two children based upon his belief that it would be good for the family. In May 1989 Diane discovered that Michael had been engaged in an adulterous affair. Michael admitted to Diane that he began the affair immediately following their honeymoon. Diane testified that she would not have agreed to the adoption had she known Michael was involved in an adulterous relationship.

After the presentation of evidence, on March 22, 1991, the court ruled that Diane had not presented enough evidence for the court to set aside the adoption and denied the petition. The court concluded that the essential elements of Diane's section 2—1401 petition to vacate the judgment of adoption were that had she known of the alleged misconduct of Michael she would not have joined in the petition for adoption and that had the court known of these allegations at the time the petition was filed it would not have entered the judgment of adoption. The court stated that assuming the allegations in the section 2—1401 petition were correct, "this would not have been the only factor considered at the time [Diane agreed to] the adoption." The court agreed with the guardian that an adoption is a relationship between the children and the adopting parents, and in this case, at a time when it was not a family unit, it is not a relationship between the mother and the father.

Section 2—1401 of the Code of Civil Procedure provides a method for obtaining relief from final orders, judgments or decrees. That section of the Code, like the balance of the Code, is applicable to adoption proceedings by reason of express statutory language. (735 ILCS 5/2—1401 (West 1992).) While adoption proceedings should be "final" and the status determined in an adoption proceeding should not be disturbed by subsequent or collateral litigation, such does not prevent a section 2—1401 proceeding. (*Akers v. Christen* (1973), 11 Ill. App. 3d 369, 371, 296 N.E.2d 774.) It is the purpose of a proceeding under section 2—1401 to bring before the court facts not appearing of record which, if known at the time the decree or judgment was entered, would have prevented its rendition. Section 2—1401 proceedings are invoked to address the equitable powers of the court when the exercise of such power is needed to prevent an injustice. *Akers*, 11 Ill. App. 3d at 371.

■ In Illinois it has been stated that while a marriage partner may be relieved of his or her obligation as a spouse in a voidable marriage, his or her obligation as a parent is still enforceable despite

the fact that the marriage has been declared void. (*Long v. Long* (1957), 15 Ill. App. 2d 276, 145 N.E.2d 509.) The courts are reluctant to vacate an adoption judgment where there has been no express finding that to do so would be in the best interest of the child. *In re Adoption of Daly* (1976), 36 Ill. App. 3d 962, 344 N.E.2d 50.

In *In re Adoption of Daly*, petitioner filed a petition to vacate a judgment of adoption. In the petition, he alleged that: the three minor children were the natural children of respondent and her first husband; respondent was awarded custody of the children after her divorce from her first husband; petitioner and respondent were subsequently married; prior to and as a condition of the marriage, respondent required that petitioner adopt her three children; the parties filed a joint petition to adopt the three children; immediately after the judgment for adoption was entered, respondent expressed a desire to move to Colorado for health reasons; upon moving to Colorado respondent began an affair with another man; petitioner filed for an annulment of the marriage between him and respondent; the annulment was granted $2^1/2$ years after the adoption judgment was entered; and the adoption of respondent's children by petitioner was predicated upon a fraudulent scheme by respondent.

The court appointed a guardian *ad litem* to represent the interest of the minor children, and the guardian filed a motion to dismiss petitioner's complaint. The court granted that motion and petitioner appealed. The appellate court held that there was nothing in petitioner's petition or his brief on appeal which addressed the best interest of the adopted children. The court in *Daly* declined to apply the doctrine that an annulled marriage is void from the beginning to the validity of the adoption where to do so affected the rights of minors who were third parties to the annulment. (*Daly*, 36 Ill. App. 3d at 966.) It is clear from *Daly* that the courts are reluctant to vacate a judgment of adoption where there has been only an allegation of fraud. A threshold determination that must be made is whether a vacatur of the adoption will be in the best interest of the children.

■ In the instant case, Diane similarly alleged in her petition that Michael engaged in an adulterous relationship subsequent to the adoption and that his intentions concerning the parties' marriage were completely false and fraudulent. Diane alleged that she relied upon the representations that Michael desired to have a family, and as a result of his subsequent conduct, equity requires that the decree of adoption be vacated. Although Diane alleged that a judgment vacating the adoption would be in the best interest and welfare of the children, she failed to specifically plead what factors supported

this conclusion. However, Michael had taken on the financial and social responsibility of caring for the children, both of whom were living with him at the time of the judgment. Moreover, as part of the dissolution judgment entered by the trial court, the parties entered into a martial settlement agreement whereby Diane and Michael consented to vacatur of the decree of adoption. The entry of this agreement reflected the parties' mutual consent. The court did not hold an evidentiary hearing as to the best interest of the children, which is a threshold determination that must be made in determining whether an adoption should be vacated. We find the principles of equity dictate that this court reach a fair and well-reasoned decision in light of the facts before us. In the absence of a finding of the best interest of the children, this court cannot rule on the final determination as to the section 2—1401 petition.

Accordingly, the judgment of the trial court is reversed and the cause remanded for an evidentiary hearing as to the best interest of the children.

Reversed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.