SECOND DIVISION

APRIL 14, 1998

No. 1-97-0795

ALLSTATE INSURANCE COMPANY, ) APPEAL FROM THE 

as Subrogee of ZEE CLEANERS ) CIRCUIT COURT OF 

and AQUILINA ZULAICA, ) COOK COUNTY, ILLINOIS

)

Plaintiff-Appellee, ) 

) No. 95 M1 21181

 v. )

)

JOSE R. AVELARES, ) THE HONORABLE

) SIDNEY A. JONES, III,

Defendant-Appellant. ) JUDGE PRESIDING.

JUSTICE COUSINS delivered the opinion of the court:

Pursuant to proceedings had in the case 
sub
 
judice
, defendant filed an appearance, made a demand for a jury and paid the jury fee.  Also, since the amount claimed in this civil action was not in excess of $30,000, the case was assigned to mandatory arbitration pursuant to Cook County Circuit Court Rule 18.3(b) (Cook Co. Cir. Ct. R. 18.3(b)(eff. Oct. 2, 1995.) 

Upon arbitration, the arbitrators found against the defendant in the amount claimed. The arbitrators further found no meaningful participation by defendant, who did not appear except through his attorney. Following arbitration, defendant filed a rejection of the arbitration award and paid the rejection fee. Subsequent thereto, the trial court ordered that defendant's rejection be stricken.

Thereafter, defendant's attorney requested reimbursement of the jury demand fee and the arbitration rejection fee. However, the defendant's request was denied. Defendant appeals. 

We affirm.

BACKGROUND 

Allstate Insurance Company, as subrogee of plaintiffs Zee Cleaners and Aquilina Zulaica, filed its complaint against Jose R. Avelares on October 25, 1995. The complaint alleged that on January 29, 1995, as a result of the direct and proximate negligence of the defendant, the defendant's motor vehicle collided with the automobile of plaintiff's subrogor, causing damages. The total amount expended by plaintiff and its subrogor was the sum of $2,268.96, and plaintiff claimed damages in the sum of $2,268.96.

On May 2, 1996, the defendant was granted leave to appear and file a jury demand within 28 days. Defendant then timely filed his appearance and jury demand on May 22, 1996, and paid the applicable fee. On July 8, 1996, the case was assigned to mandatory arbitration. Arbitration was set for November 14, 1996, and the case was arbitrated on the same date, whereupon the following signed award was entered by the arbitrators: 

"We find in favor of Allstate Insurance Co. a/s/o Zee Cleaners and Aquilina Zulaica in the amount of $2268.96 and against Def. Jose R. Avelares. The panel finds no meaningful participation of Jose R. Avelares, who did not appear, except through his Atty. who indicated that he had said he would attend in which a 237 had required his presence.  Atty. for Alvares def. made no obj. to proceeding without defendant." 

The defendant filed a rejection of the arbitration award on December 5, 1996, and paid the requisite rejection fee. On December 26, 1996, plaintiff noticed up a motion to bar the defendant's rejection. Plaintiff's motion was stricken due to plaintiff's counsel's failure to appear. On January 21, 1997, the plaintiff moved to bar the defendant from rejecting the award for failure to participate in good faith in accordance with Supreme Court Rule 91(b). 
145 Ill. 2d R. 91(b). Plaintiff's motion contained allegations that, on November 14, 1996, when the cause was set for mandatory arbitration, defendant failed to appear without prior notice to plaintiff. On January 21, 1997, the court ordered that the defendant's rejection be stricken, barring the defendant from rejecting the award. On the same date, the court also entered judgment on the award.

The defendant's attorney requested reimbursement of the statutory jury demand fee and the arbitration award rejection fee. The defendant's request was denied and, on February 19, 1997, defendant filed his notice of appeal.

OPINION

On appeal, the plaintiff has not filed an appellee's brief. While this court will not act as an advocate for the appellee, the record is simple, and the claimed errors are such that this court can decide them on the merits without the aid of an appellee's brief.  
Virzint v. Beranek
, 202 Ill. App. 3d 511, 512, 559 N.E.2d 1186 (1990); 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 133, 345 N.E.2d 493 (1976).

Pursuant to the Illinois Supreme Court rules, all civil cases, including jury cases, must proceed to mandatory arbitration if the claim is an amount not in excess of an amount designated by the county or circuit court. 86(b). 
134 Ill. 2d R. 86(b). Pursuant to the rules of the circuit court of Cook County, civil actions for an amount not in excess of $30,000 are subject to mandatory arbitration. Cook Co. Cir. Ct. R. 18.3(b) (eff.

Oct. 2, 1995.) Hence, all small claims actions are subject to arbitration.

The Illinois Code of Civil Procedure provides that a party desirous of a trial by jury must file a jury demand. 735 ILCS 5/2-1105 (West 1992). The fee for a jury demand in a small claims case is $12.50.

The defendant's December 5, 1996, filing of a rejection of 

the arbitration award was filed pursuant to Supreme Court Rule 

93(a). This rule provides in pertinent part:

"Within 30 days after the filing of an award with the clerk 

of the court, and upon payment to the clerk of the court of the sum of $200 for awards of $30,000 or less ***, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties. ***  
The filing of a notice of rejection shall not be effective as to any party who is debarred from rejecting an award
." (Emphasis added.) 166 Ill. 2d R. 93(a).  

Defendant's absence from the arbitration award hearing resulted in a finding that he had failed to participate pursuant to the provisions of Supreme Court Rule 91(b). This rule provides:

 "
All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner
. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award.  Such award shall be 
prima facie
 evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecuting of the petition for sanctions, against that party." (Emphasis added.) 145 Ill. 2d R. 91(b). 

Relative to defendant's argument that the court erred by denying defendant's requested reimbursement of fees in the case 
sub
 
judice
, we note that payment of the $200 rejection fee is a prerequisite for proceeding to further trial. 
Killoren v. Racich
, 260 Ill. App. 3d 197, 198, 632 N.E.2d 621, 622 (1994). Defendant contends that since he was compelled to pay the $200 rejection fee before he knew that he would not be allowed to have a trial in any event, he should be reimbursed for the paid  rejection fee. In our view, however, although this contention might appear on its face to have substance, it loses its apparent substance when the language and purpose the mandatory arbitration provisions of the applicable supreme court and circuit court rules are considered in the context of the facts of the instant case.

Pertinent for our consideration is Supreme Court Rule 91(b), providing that  "[
a]ll parties to the arbitration hearing must
 
participate in the hearing
 *** 
in a meaningful manner
. If a panel of arbitrators unanimously finds that a party has failed to participate *** in good faith ***, the panel's finding *** shall be stated on the award. ***
 [A]nd a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award ***." (Emphasis added.) 145 Ill. 2d R. 91(b). 

   Significantly, we note that the committee comments to Supreme Court Rule 91(b) state, in part:

"Prior to the adoption of these sanctions, there were complaints by arbitrators that some parties and lawyers would merely attend but refuse to participate in  arbitration. This paragraph was adopted to discourage such misconduct."  145 Ill. 2d R. 91(b), Committee Comments.  

Also:

"[p]arties and lawyers must not be allowed to abuse the arbitration process so as to make it meaningless." 145 Ill. 2d R. 91(b), Committee Comments.

Further: 

"[a]rbitration must not be perceived as just another hurdle   to be crossed in getting the case to trial. Good-faith participating, as required by this rule, was therefore intended to assure the integrity of the arbitration process."  145 Ill. 2d R. 91(b), Committee Comments. 

  

Additionally, relative to whether or not the $200 fee should be recoverable as a taxable cost, we note that the committee comments indicate that "
Pennsylvania, as does New York and Ohio, provides by rule that the costs assessed on the rejecting party shall apply to the cost of arbitrators fees and shall not be taxed as costs or be recoverable in any proceeding
."  145 Ill. 2d R. 93(a), Committee Comments.

Then too, we note that the Supreme Court Rules Committee's preference on whether the $200 fee should be recoverable as a taxable cost is that "
the rule in Illinois be stated similar to that of Pennsylvania; to wit, the sum so paid to the clerk shall not be taxed as costs or coverable in any proceeding
." 145 Ill. 2d R. 93(a), Committee Comments.

We also agree with comments of the Illinois Supreme Court Rules Committee that "
arbitration is a dispute resolution process under the auspices of the court. *** Arbitration must not be perceived as just another hurdle to be crossed in getting a case to trial. Good faith participation [is required in order] to assure the integrity of the arbitration process
." 145 Ill. 2d R. 91(b), Committee Comments.

Further, while the comments of the Supreme Court Rules Committee are not binding, we do take note of the comments, and, in instances where, in our view, the Committee comments have merit, we are inclined to adopt them. In our view, the committee comments to the Illinois Supreme Court rules applicable to this appeal have merit and should receive deference in this case.  Accordingly, we adopt them.

Thus, we hold 
that the failure of the defendant to participate in the hearing in good faith warranted denial by the trial court of defendant's request for reimbursement of the statutory jury demand fee and the arbitration award rejection fee.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.   

McNULTY, P.J., and TULLY, J., concur.