777 N.E.2d 454 (2002)
334 Ill. App.3d 122
267 Ill.Dec. 651
Marta JUSZCZYK, Plaintiff-Appellant,
v.
Elena FLORES, Defendant-Appellee.
No. 1-00-0873.
Appellate Court of Illinois, First District, Third Division.
September 11, 2002.
*455 Michael D. Mulvihill of Cooney & Conway, Chicago, for Appellant.
Matthew E. Luecke and Eric W. Moch of Thomas L. Burdelik & Associates, Chicago, for Appellee.

OPINION UPON DENIAL OF REHEARING
Presiding Justice HALL delivered the opinion of the court:
This action arose from a two-car accident. On July 13, 1998, plaintiff Marta Juszczyk filed a negligence action against defendant Elena Flores to recover for injuries and damages she sustained in a two car collision that occurred on August 10, 1997, at the intersection of Humboldt Boulevard and Augusta Boulevard in Chicago, Illinois. On April 8, 1999, defendant was served with an alias summons and complaint.
On May 19, 1999, a notice of arbitration hearing was mailed from the Arbitration Center[1], setting the arbitration hearing for August 3, 1999. On June 1, 1999, the trial court granted defendant's motion to vacate any and all defaults and for leave to file an appearance, answer, and jury demand. On June 2, 1999, the law firm of Thomas L. Burdelik & Associates filed an appearance on behalf of defendant along with interrogatories, a notice to produce, and a request for production. The firm also filed an answer on behalf of defendant, in which defendant admitted negligence but denied that the negligence was a direct or proximate cause of plaintiff's injuries or damages.
On June 28, 1999, plaintiff's counsel sent defendant's counsel evidentiary documents for the August 3, 1999, arbitration hearing pursuant to Illinois Supreme Court Rule 90(c). 145 Ill.2d R. 90(c). The Rule 90(c) material did not indicate the date the arbitration hearing would be held. On August 3, 1999, the arbitration hearing was conducted. Plaintiff and her counsel both appeared at the arbitration hearing and participated in the hearing. However, neither defendant nor her counsel was present at the arbitration hearing. The arbitration panel subsequently awarded plaintiff $20,000, plus costs. On September 16, 1999, the trial court entered judgment on the arbitration award.
On October 22, 1999, plaintiff filed a motion for award of costs. On November 15, 1999, a hearing was held on plaintiff's motion for costs. Defense counsel appeared at the hearing and argued the motion. The trial court subsequently ruled that plaintiff was entitled to $520 as costs, pursuant to the judgment on the arbitration award. On December 16, 1999, plaintiff's counsel sent a letter to defense counsel seeking payment of the arbitration award and costs. On December 27, 1999, plaintiff's counsel faxed a copy of the arbitration award to defense counsel.
On January 4, 2000, defendant filed a petition to vacate the arbitration judgment pursuant to section 2-1401 of the Illinois *456 Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 1998)), on the ground that defendant never received notice of the arbitration hearing or the September 16, 1999, judgment order. On February 9, 2000, a hearing was held on defendant's petition. The trial court granted defendant's section 2-1401 petition, finding that under Ratkovich v. Hamilton, 267 Ill. App.3d 908, 204 Ill.Dec. 933, 642 N.E.2d 834 (1994), the arbitration judgment was void and subject to vacatur because defendant did not receive 60 days' written notice of the arbitration hearing as required by Supreme Court Rule 88 (134 Ill.2d R. 88). On appeal, plaintiff contends that the trial court erred in granting defendant's section 2-1401 petition. For the reasons that follow, we reverse and remand.

ANALYSIS

I. Trial Court's Application of Ratkovich

In Ratkovich v. Hamilton, 267 Ill. App.3d 908, 204 Ill.Dec. 933, 642 N.E.2d 834 (1994), a defendant was permitted to intervene in the case after Supreme Court Rule 88[2] notices of the arbitration hearing were sent to the original parties, but none issued to the intervening defendant, who subsequently failed to appear. The Ratkovich court, applying both Supreme Court Rule 88 (134 Ill.2d R. 88) and Supreme Court Rule 91(a)[3] (145 Ill.2d R. 91(a)), held that where a party fails to receive 60 days' written notice of an arbitration hearing, any awards that issue are void. Ratkovich, 267 Ill.App.3d at 914, 204 Ill.Dec. 933, 642 N.E.2d 834. In reaching this decision, the Ratkovich court analogized to the holding in Vortanz v. Elmhurst Memorial Hospital, 179 Ill.App.3d 584, 589-90, 128 Ill.Dec. 443, 534 N.E.2d 625 (1989), which held that a trial court's order dismissing a plaintiff's complaint with prejudice was void, because plaintiff had received no notice that defendants would be presenting a motion to dismiss.
However, Vortanz and the appellate court decision that Vortanz relied on for its holding regarding void judgments (Maras v. Bertholdt, 126 Ill.App.3d 876, 81 Ill.Dec. 728, 467 N.E.2d 599 (1984)) have both been called into question. See Mortimer v. River Oaks Toyota, Inc., 278 Ill. App.3d 597, 602, 215 Ill.Dec. 363, 663 N.E.2d 113 (1996) (stating that the Vortanz and Maras decisions, which hold that an order entered without notice to a party is "void," are both questionable in light of Illinois Supreme Court decisions holding that only orders entered by a court lacking personal or subject-matter jurisdiction are "void"). Both Illinois Appellate and Supreme Court case law have consistently held that a judgment or order is void where it is entered by a court or agency lacking personal jurisdiction, subject-matter jurisdiction, or the inherent power to enter the particular judgment or order, or where the judgment or order is procured by fraud. See, e.g., Johnston v. City of Bloomington, 77 Ill.2d 108, 112, 32 Ill.Dec. 319, 395 N.E.2d 549 (1979); People v. Davis, 156 Ill.2d 149, 155, 189 Ill.Dec. 49, 619 N.E.2d 750 (1993) (stating that whether a judgment is void or voidable presents a question of jurisdiction); In re Marriage of Mitchell, 181 Ill.2d 169, 174-75, 229 Ill.Dec. 508, 692 N.E.2d 281 (1998); Steinbrecher *457 v. Steinbrecher, 197 Ill.2d 514, 530-31, 259 Ill.Dec. 729, 759 N.E.2d 509 (2001); Siddens v. Industrial Comm'n, 304 Ill.App.3d 506, 511, 238 Ill.Dec. 205, 711 N.E.2d 18 (1999); LaSalle National Trust, N.A. v. Larnet, 328 Ill.App.3d 729, 731-32, 263 Ill.Dec. 13, 767 N.E.2d 464 (2002).
Based on the reasoning applied in City of Bloomington, Davis, In re Marriage of Mitchell, Steinbrecher, Siddens and LaSalle National Trust, the arbitration judgment in the instant case was not void, since the trial court had personal jurisdiction over defendant and subject-matter jurisdiction,[4] where defendant was served with a summons and complaint. See People v. Rainey, 325 Ill.App.3d 573, 581, 259 Ill.Dec. 369, 758 N.E.2d 492 (2001) (stating that in a civil suit a trial court obtains personal jurisdiction when an action is filed and proper summons is served on defendant); CPM Productions, Inc. v. Mobb Deep, Inc., 318 Ill.App.3d 369, 373-74, 252 Ill.Dec. 143, 742 N.E.2d 393 (2000) (noting that subject-matter jurisdiction refers to a court's power to entertain and determine the general question presented by the case and to grant the particular relief requested). In the present case, the arbitration judgment was voidable, not void. A voidable judgment is a judgment entered erroneously by a court having jurisdiction. In re Marriage of Mitchell, 181 Ill.2d at 174, 229 Ill.Dec. 508, 692 N.E.2d 281; LaSalle National Trust, 328 Ill. App.3d at 732, 263 Ill.Dec. 13, 767 N.E.2d 464.
Here, the trial court had jurisdiction over the parties and over the mandatory arbitration. In exercising this jurisdiction, however, the trial court entered a judgment on the arbitration award that was in error, because defendant had failed to receive 60 days' written notice of the arbitration hearing as required by Supreme Court Rule 88. The trial court's error in entering the judgment, however, did not divest the court of the jurisdiction or authority to enter the judgment on the arbitration award. In re Marriage of Mitchell, 181 Ill.2d at 175, 229 Ill.Dec. 508, 692 N.E.2d 281. Therefore, the trial court's judgment on the arbitration award was voidable rather than void. Accordingly, we decline to adopt the holding in Ratkovich and instead conclude that where a party fails to receive 60 days' written notice of an arbitration hearing as required by Supreme Court Rule 88, any awards that issue are voidable.
Generally, a voidable judgment is not subject to collateral attack. In re Marriage of Mitchell, 181 Ill.2d at 174, 229 Ill.Dec. 508, 692 N.E.2d 281. A collateral attack on a judgment is an attempt to impeach the judgment in an action other than that in which the judgment was rendered. Buford v. Chief Park District Police, 18 Ill.2d 265, 271, 164 N.E.2d 57 (1960); Jo Jan Corp. v. Brent, 182 Ill. App.3d 70, 73, 130 Ill.Dec. 627, 537 N.E.2d 956 (1989) (stating that an application to vacate a judgment within 30 days of entry is a direct attack, and if made after the expiration of 30 days, it is a collateral attack). However, a party can collaterally attack a voidable judgment by demonstrating, through a section 2-1401 petition, that *458 the judgment was rendered in error. In re Marriage of Stefiniw, 253 Ill.App.3d 196, 201, 192 Ill.Dec. 398, 625 N.E.2d 358 (1993).

II. Section 2-1401 Petition
Section 2-1401 of the Code pertains to motions to vacate judgments brought more than 30 days from entry of the judgment. A section 2-1401 proceeding invokes the equitable powers of the court when the exercise of such power is needed to prevent an injustice. In re Petition of Glick, 259 Ill.App.3d 371, 373, 198 Ill.Dec. 106, 632 N.E.2d 165 (1994). The purpose of a section 2-1401 petition is to bring before the trial court facts that were not known at the time of judgment and that, if known, would have prevented entry of the judgment. Physicians Insurance Exchange v. Jennings, 316 Ill.App.3d 443, 457, 249 Ill.Dec. 337, 736 N.E.2d 179 (2000); Christine A.T. v. H.T., 326 Ill. App.3d 569, 575, 260 Ill.Dec. 455, 761 N.E.2d 299 (2001).
In order to obtain relief under section 2-1401 of the Code, a petitioner must show by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim; and (3) due diligence in filing the section 2-1401 petition. Smith v. Airoom, Inc., 114 Ill.2d 209, 220-21, 102 Ill.Dec. 368, 499 N.E.2d 1381 (1986); American Ambassador Casualty Co. v. Jackson, 295 Ill.App.3d 485, 229 Ill.Dec. 728, 692 N.E.2d 717 (1998). The decision whether to grant or deny a section 2-1401 petition is reserved to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. American Ambassador, 295 Ill.App.3d at 489, 229 Ill.Dec. 728, 692 N.E.2d 717.
In the instant case, the record indicates that the trial court's decision to grant defendant's section 2-1401 petition was not based on the court's determination that defendant had proven the three elements of her section 2-1401 petition but, rather, on the court's conclusion that the arbitration judgment was void under Ratkovich. However, as we have previously stated, we believe that the judgment entered on the arbitration award was voidable, not void. Consequently, we believe that the trial court erred in granting defendant's section 2-1401 petition to vacate the arbitration judgment, because defendant failed to show due diligence in filing her section 2-1401 petition.
Defense counsel, in her section 2-1401 petition and in a supporting affidavit, stated that she did not learn of the arbitration judgment until she reviewed the November 15, 1999, order sometime in December 1999. The record shows, however, that defense counsel actually received notice of the arbitration judgment on or about October 24,1999, after receiving plaintiff's petition for costs, which referred to the arbitration judgment. On November 15, 1999, defense counsel appeared at the hearing on plaintiff's petition for costs and argued against the petition, while never raising the issue of improper notice or objecting to the arbitration judgment. The trial court subsequently ruled that plaintiff was entitled to $520 as costs. On December 16, 1999, plaintiff's counsel sent defense counsel a letter seeking payment of the arbitration award and costs. Then, on January 4, 2000, approximately 2½ months after learning of the arbitration judgment, defense counsel filed her section 2-1401 petition, arguing lack of notice of the arbitration hearing. The above chronology clearly shows that defense counsel did not pursue section 2-1401 relief with due diligence.
The burden was upon defendant to allege facts proving by a preponderance of the evidence that she exercised due diligence in seeking relief under section 2-1401. Here, defendant fails to explain the *459 approximately 2½ month delay in filing her section 2-1401 petition. This failure is glaring in light of the fact that on November 15, 1999, defense counsel appeared at the hearing on plaintiff's petition for costs and argued against the petition, but never raised the issue of improper notice regarding the arbitration.
Section 2-1401 relief will not be granted unless a party shows that through no fault or negligence of his or her own, the error of fact or the existence of a valid defense was not made to appear to the trial court. Airoom, Inc., 114 Ill.2d at 222, 102 Ill.Dec. 368, 499 N.E.2d 1381. "The court must be satisfied that the alleged new matter was not known to the petitioner and could not have been discovered, produced or used by him with the exercise of reasonable diligence upon the former trial." J.B. Inderrieden Co. v. Gill, 373 Ill. 180, 182, 25 N.E.2d 796 (1940). In the present case, defendant received notice of the arbitration judgment on or about October 24, 1999. Therefore, when defendant appeared on November 15, 1999, to contest the award of costs, defendant could have raised the issue of improper notice at that time, since this issue was either known to defendant or could have been discovered by defendant through the exercise of reasonable diligence.
Reviewing courts have upheld trial court findings of a lack of due diligence in filing a section 2-1401 petition where the petitioner delayed for a similar period of time. See, e.g., Westphall v. Trailers, Campers, Campgrounds, Inc., 76 Ill.App.3d 205, 208-09, 30 Ill.Dec. 86, 392 N.E.2d 741 (1979) (delay of approximately two months); Department of Public Works & Buildings v. O'Hare International Bank, 44 Ill.App.3d 934, 937, 3 Ill.Dec. 623, 358 N.E.2d 1308 (1976) (delay of slightly more than three months); Diacou v. Palos State Bank, 65 Ill.2d 304, 312, 2 Ill.Dec. 351, 357 N.E.2d 518 (1976) (delay of three months). As previously stated, under the circumstances of this case, it is clear that defense counsel did not pursue section 2-1401 relief with due diligence. Because we have determined that the trial court erred in granting defendant's section 2-1401 petition to vacate the arbitration judgment, we need not consider plaintiff's alternative argument that defendant consented to the judgment and waived relief under section 2-1401 by appearing at the November 15, 1999, hearing to contest the award of costs.
Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is reversed and this cause remanded for further proceedings.
Reversed and remanded.
CERDA and WOLFSON, JJ., concur.
NOTES
[1] On the May 19, 1999,"Mandatory Arbitration Notice Call Transmittal" sheet, underneath defendant's name it lists "No Defendant Attorney of Record."
[2] Supreme Court Rule 88 states in relevant part: "The procedure for fixing the date, time and place of a hearing before a panel of arbitrators shall be prescribed by circuit rule provided that not less than 60 day's notice in writing shall be given to the parites or their attorneys of record." 134 Ill. 2d R. 88.
[3] Supreme Court Rule 91(a) states in relevant part: "The arbitration hearing shall proceed in the absence of any party who, after due notice, fails to be present." 145 Ill.2d R. 91(a).
[4] Supreme Court Rule 86 established the eligibility requirements for mandatory arbitration. 155 Ill.2d R. 86. Supreme Court Rule 86(c) provides that each individual circuit court may adopt rules governing the conduct of arbitration proceedings. 155 Ill.2d R. 86(c). Pursuant to Rule 18.3(b) of the circuit court of Cook County, the monetary limit on damages must not exceed $30,000 exclusive of interest and costs., Cook Co. Cir Ct. R. 18.3(b) (eff. Oct.2, 1995). In Cook County, all small claims are subject to mandatory arbitration. All state Insurance Co. v. Avekaresm 295 Ill.App.3d 950, 953, 230 Ill.Dec. 482, 693 N.E. 2d 1233 (1998).