SILVIA FIALLO, Petitioner-Appellee, v. ANDRE LEE, Respondent (The Department of Public Aid, Intervenor-Appellant).

First District (2nd Division)   No. 1—04—0440

Opinion filed March 22, 2005.—Rehearing denied April 25, 2005.

Lisa Madigan, Attorney General, of Chicago (Gary Feinerman, Solicitor General, and Diane M. Potts, Assistant Attorney General, of counsel), for appellant.

Sonya D. Naar and Joseph Collins, both of Piper Rudnick, L.L.P., of Chicago, for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

The trial court entered a default order against petitioner Sylvia Fiallo, ordering her to pay child support to respondent Andre Lee for

the support of their two minor children. Three years after entry of the order, Fiallo filed a motion to modify, contending she received no notice of the hearing or of the default order itself. The court entered an order finding the default order void *ab initio* for want of procedural due process. The Illinois Department of Public Aid (Department), an intervenor in the case, appeals the order vacating the default order as well as the denial of its motion to reconsider. We reverse and remand.

FACTS

Lee's paternity of the parties' children was legally established in July 1997. Fiallo had physical custody of the children until 1997, when custody was transferred to Lee. The children have resided with Lee since that time. Lee was granted temporary legal custody on March 25, 1998. Between March 1998 and March 2000, the parties appeared in court several times on status hearings and visitation disputes. A joint parenting agreement was signed by the parties and approved by the court on March 23, 2000. The agreement stated that Lee would maintain primary physical custody. The court entered an order finding Lee's obligation to pay child support to Fiallo terminated on July 13, 1997. On May 25, 2000, the court entered an order finding Lee was not in arrears on child support. Fiallo appeared *pro se* at the hearing on March 23, 2000, but was not present on May 25, 2000.

On June 12, 2000, Lee filed a petition to set child support. The attached notice provided the petition would be heard on June 26, 2000. Although Fiallo's name and address appeared on the notice, no proof of service was completed.

On June 26, 2000, Lee and Fiallo appeared before Judge Kathleen G. Kennedy. An order entered on that date states:

"This cause coming on to be heard on Respondent's petition for child support, Petitioner present in open court, IT IS HEREBY ORDERED: A. This cause is set for status as to settlement 8/21/00 at 9:30 a.m. Petitioner is excused."

Fiallo was not present at the August 21, 2000, hearing. An order entered on that date states:

"This matter coming on to be heard as to status on Petitioner's [sic] motion for child support, IT IS HEREBY ORDERED:

A. This cause is set for hearing as to child support 9/12/00 at 9:30 a.m.

B. Petitioner is granted 14 days to respond to the motion.

C. If Petitioner is absent for the hearing a default order may be entered."

On September 12, 2000, the court held a hearing on Lee's petition for child support. Fiallo was not present. The court entered a uniform

order for support, ordering Fiallo to pay monthly child support of $250 beginning June 12, 2000. The order was entered "pursuant to a default." The court found Fiallo's net income was $1,000 per month, "based on previous testimony of Respondent 6/26/00." She made no payments to Lee until June 1, 2003, when child support was deducted from her unemployment insurance benefits.

The Department intervened in the case on Lee's behalf. On December 10, 2002, the Department filed with the court and served on Fiallo a proof of service of judicial order/notice to withhold income. On April 16, 2003, the Department filed a petition for rule to show cause against Fiallo for failure to pay child support and asked that a judgment for the entire amount of arrears be entered against her. The Department's petition was assigned to Judge Allan W. Masters.

Fiallo retained counsel and filed a response to the Department's petition. In her response, Fiallo contended the court had no jurisdiction to enforce the September 12, 2000, order because respondent never filed or noticed a written petition for child support. Thus, said Fiallo, the order was void and violated her right to due process.

A clerk located the record containing Lee's petition for child support and provided a copy to the Department, which presented a copy to Fiallo and to the trial court.

On August 25, 2003, the court held a hearing on the Department's petition for rule to show cause. The court entered an order denying the Department's motion for entry of judgment on arrears "until the IDPA provides evidence of service of an order for withholding on Silvia Fiallo's employer after the entry of 9/12/00 support order, and prior to 12-10-02." The court gave Fiallo seven days to file a petition to modify child support and the Department seven days to respond.

Fiallo filed a petition to modify child support on September 2, 2003. This time Fiallo contended she never received the petition for child support. Fiallo acknowledged she was present at the June 26, 2000, hearing, but she said she was not represented by counsel and "was confused as to whether the child support referenced therein pertained to Fiallo or Lee." She said she never received copies of the August 21, 2000, and September 12, 2000, orders, or notice of the hearing on September 12, 2000. She contended she was unable to afford the child support payments ordered by the court. She asked that the support order be terminated, suspended, or modified.

The Department filed a response, contending Fiallo's presence in court on June 26, 2000, conclusively established the fact that she received proper notice of the proceedings. The Department contended Fiallo's petition to modify was contrary to Illinois law, which prohibits retroactive modification of judgments for child support. The Depart-

ment requested attorney fees and costs as a sanction for Fiallo's indirect civil contempt in failing to pay the ordered support.

On November 21, 2003, the court entered an order denying the Department's petition for rule to show cause, and vacating *sua sponte* the child support order entered on September 12, 2000, as void *ab initio* for want of procedural due process. The court found the notice of motion for child support was "procedurally and facially defective" in that the certificate of delivery was not complete. The court found there was no evidence Fiallo received (1) the notice of motion or the motion for child support; (2) the June 26, 2000, order; (3) the August 21, 2000, order; or (4) the September 12, 2000, order. The court referenced an affidavit from Lee's prior counsel, J. Anthony Clark, that was submitted by Fiallo. According to Clark, his records did not indicate that copies of the aforementioned motions and orders were provided to Fiallo.

The court further found the August 21, 2000, order was defective because it referenced *"Petitioner's* motion for child support" instead of respondent's motion. (Emphasis in original.) The court found Fiallo's motion to modify child support was rendered moot. Finally, the court gave Lee 90 days to file a new motion seeking child support on a prospective basis.

In its motion to reconsider, the Department contended the court had personal jurisdiction and subject matter jurisdiction to enter the support order. The Department attached three affidavits. In his affidavit, Lee said both he and Fiallo were present in court on June 26, 2000, for a hearing on his petition for child support, when Fiallo testified she earned $1,000 per month. Lee's wife and his former counsel, J. Anthony Clark, testified consistent with Lee's affidavit. Clark also stated the September 12, 2000, order of $250 per month was based on the statutory percentage for two children and calculated according to Fiallo's testimony that she earned $1,000 per month.

Following a hearing, the court denied the Department's motion to reconsider. The Department appeals.

DECISION

The Department raises a number of issues: (1) whether the court erred in vacating the September 12, 2000, order as void *ab initio* where the court had personal and subject matter jurisdiction; (2) whether the court had jurisdiction to vacate the order where Fiallo failed to timely file or show entitlement to relief under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2002)); (3) whether the court abused its discretion in denying the Department's motion to reconsider; and (4) whether the court erred in conditioning any judg-

ment for child support arrearage on proof of a notice of withholding on Fiallo's employer.

The parties disagree over whether a court may find an order void *ab initio* based on a violation of procedural due process where the court had both personal and subject matter jurisdiction to enter the order. See, *e.g., Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530-31, 759 N.E.2d 509 (2001) (where a court has both subject matter and personal jurisdiction, a judgment cannot be "void" but may be "voidable"). It is apparent from the record that the trial court had both kinds of jurisdiction. We see no need to address the void/voidable issue because we find there was no violation of Fiallo's right to procedural due process.

In all of the cases relied on by Fiallo where the courts found an order void based on a violation of statutory procedures or procedural due process, the parties asserting the violation were innocent parties. That is, they were powerless to do anything about the orders entered against them because they were not served with proper notice.

■ In *Gredell v. Wyeth Laboratories, Inc.*, 346 Ill. App. 3d 51, 61-62, 803 N.E.2d 541 (2004), the trial court scheduled a hearing to decide one issue in the plaintiff's case but ultimately dismissed the plaintiff's entire case as time-barred and preempted by federal law. The hearing was to be limited to a determination of whether one basis for tolling of the statute of limitations, fraudulent concealment, was proven, reserving ruling on a discovery rule basis for tolling. Instead, the court dismissed the cause as time-barred and preempted, without making a finding on the discovery rule. *Gredell*, 346 Ill. App. 3d at 62. This court held the trial court violated the plaintiff's due process rights by denying the parties an opportunity to be heard on the discovery rule issue and the elements of the underlying cause of action.

> "Due process of law requires that a party be accorded procedural fairness, *i.e.*, given notice and an opportunity to be heard. [Citation.] Parties who have properly appeared in an action are entitled to notice of any impending motions or hearings. [Citations.] *** It would be 'unjust, unfair, and inequitable' to allow the dismissal order to stand where it is clear that the parties had no notice that such an order was contemplated." *Gredell*, 346 Ill. App. 3d at 62, quoting *Berg v. Mid-America Industrial, Inc.*, 293 Ill. App. 3d 731, 734, 688 N.E.2d 699 (1997).

The court deemed the dismissal order "null and void" as a denial of plaintiff's constitutional rights to procedural due process. *Gredell*, 346 Ill. App. 3d at 63, citing *City of Chicago v. American National Bank & Trust Co. of Chicago*, 171 Ill. App. 3d 680, 688, 525 N.E.2d 915 (1988).

Fiallo also compares this case to *In re Custody of Ayala*, 344 Ill. App. 3d 574, 800 N.E.2d 524 (2003), and *In re Adoption of A.W.*, 343 Ill. App. 3d 396, 796 N.E.2d 729 (2003). In *Ayala*, the respondent in a custody dispute contended several trial court orders were void based on, among other things, a violation of her due process rights because she had no notice that awarding co-custody to the petitioner's wife and parents was an issue or that either joinder or custody would be determined on the date of the order. This court found the trial court exceeded its subject matter jurisdiction in awarding joint custodial care to the wife and parents because no pleading requested that relief. *Ayala*, 344 Ill. App. 3d at 584. Furthermore, the court found the custody order null and void because respondent's procedural due process rights were violated. Without notice that custody was at issue on the date of the hearing, she was denied the opportunity to be heard on the issue. *Ayala*, 344 Ill. App. 3d at 587.

In *A.W.*, the court found an order dismissing a petition for adoption entered without notice to one of the parties was void. *A.W.*, 343 Ill. App. 3d at 399. The record did not show the petitioner was given legally sufficient notice that the petition would be dismissed. "Prior to entry of a new order, a party must give notice that a motion will be presented to the court. [Citation.] An order entered without notice is void." *A.W.*, 343 Ill. App. 3d at 399, citing *Maras v. Bertholdt*, 126 Ill. App. 3d 876, 881, 467 N.E.2d 599 (1984).

Here, Fiallo contends she was not given notice of the hearing in which the court entered the child support order, nor was she given a copy of the default order. The difference between this case and the cases cited by Fiallo is that Fiallo appeared in court on June 26, 2000, for a hearing on child support. The Department's affidavits stated, without contradiction, that she testified to her monthly income. On that occasion, too, the affidavit of service had not been completed. At the very least, she was aware there was a petition for child support pending before the court. Surely, she must have known the question would have to be decided. The issue of child support would not go away. The children had been in Lee's custody since 1997. Yet she did nothing to find out the status of the petition. Nor did she attempt to discover the result of the status hearing scheduled for August 21, 2000. She continued to ignore the case for over two years until she received the Department's notice to withhold income in December 2002.

The unrepresented defendant in *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 226, 499 N.E.2d 1381 (1986), made a similar argument that the plaintiff should have notified it of the default proceedings and of the judgment. The court held:

"Airoom's argument above appears to place both an affirmative obligation upon a plaintiff to constantly apprise a defendant of the proceedings in the circuit court and an ethical obligation upon a plaintiff's counsel to advise an unrepresented defendant of his right to retain an attorney. To impose such obligations, however, would be improper and would ignore the clear mandate of *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, wherein this court reaffirmed the principle that 'once a court acquires jurisdiction, it is the duty of the litigants to follow [the progress of their own] case.' The imposition of such obligations would also undermine the adversarial nature of our legal system." *Smith*, 114 Ill. 2d at 226-27.

Even where a party is represented by counsel there is a "duty to personally follow the progress of his case." *Gold v. Rader*, 201 Ill. App. 3d 775, 783, 559 N.E.2d 210 (1990).

█ The facts in this case do not support a finding of a procedural due process violation. Accordingly, we hold the trial court erred in finding the default child support order void *ab initio* for lack of procedural due process. We reverse the court's November 21, 2003, order vacating the default order. We direct the court to reinstate the September 12, 2000, order for child support and consider Fiallo's petition to modify the amount of child support.

Alternatively, Fiallo contends the default child support order was not a final order and the trial court had the authority to vacate it under section 2—1301 of the Code of Civil Procedure. 735 ILCS 5/2—1301(e) (West 2002) (allowing a court to set aside any default at its discretion, before final order or judgment). This contention is unavailing. Not only was the order final, because it determined the issue of child support on the merits and assessed damages, but the court had no basis upon which to find the order void. See *Djikas v. Grafft*, 344 Ill. App. 3d 1, 8, 799 N.E.2d 887 (2003) (a final judgment is one that disposes of the rights of the parties in the particular cause of action raised in the pleadings).

Fiallo also argues her petition to modify child support constituted a valid section 2—1401 motion to vacate the default. 735 ILCS 5/2—1401 (West 2002). In the petition, Fiallo contended: she did not receive a copy of the petition for child support; she appeared *pro se* at the June 26, 2000, hearing and was confused about whether the child support petition pertained to her or Lee; she never received copies of the August 21, 2000, and September 12, 2000, orders and never received notice of the hearing; the August 21, 2000, order mistakenly referenced *petitioner's* motion for child support; and she was unable to afford the imposed child support payments.

To obtain relief under section 2—1401, a petitioner must show: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. *Smith*, 114 Ill. 2d at 220-21; *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 126-27, 777 N.E.2d 454 (2002).

We find Fiallo's petition was not a valid section 2—1401 petition, for a number of reasons. First, the petition was not entitled a section 2—1401 petition. Second, it was filed one year too late to attack a voidable order. Most importantly, she fails to present evidence of her due diligence, either in the original action or in asking the court to vacate the order. Due diligence requires the petitioner to have a reasonable excuse for failing to act within the appropriate time. *Smith*, 114 Ill. 2d at 222.

The petitioner must show that her failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances, she acted reasonably, not negligently, in failing to resist the judgment. *Smith*, 114 Ill. 2d at 222. Nor does Fiallo's *pro se* status excuse her from the due diligence requirement. *"Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures, including procedural deadlines with respect to filing motions." *Steinbrecher*, 197 Ill. 2d at 528. Apart from not receiving notice of the default or of the hearings, Fiallo offers no evidence of her due diligence in moving to vacate the default. She failed to apprise herself of the status of the child support petition and ignored the case for two years. Her actions do not show due diligence.

Because we reverse the court's order vacating the September 12, 2000, order, we need not consider the Department's remaining contention relating to its motion to reconsider.

■ The Department also challenges the trial court's interlocutory order of August 25, 2003, ruling that no judgment for child support arrearage would be entered against Fiallo until the Department proved that an order for withholding had been served on her employer between September 12, 2000, and December 10, 2002. It is not clear why the trial court conditioned the judgment for arrears on proof that the Department served a notice of withholding income prior to December 2002. We agree with the Department that the court had no basis upon which to enter this order. We find no authority in the law to support the court's decision.

CONCLUSION

We reverse the trial court's November 21, 2003, order vacating *sua sponte* the default child support order entered on September 12, 2000.

We direct the court to reinstate the September 12, 2000, support order and to consider Fiallo's petition to modify the amount of child support.

We reverse the court's August 23, 2003, order conditioning the judgment for arrears on proof of an order for withholding served between September 12, 2000, and December 10, 2002.

Reversed and remanded.

BURKE, P.J., and HALL, J., concur.