RUSSELL VORTANZ, Plaintiff-Appellant, v. ELMHURST MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.

Second District   No. 2—88—0148

Opinion filed February 3, 1989.

Mary T. Fitzmaurice, of Dombrowski & Sorensen, of Chicago (Robert A. Habib, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Wheaton (Bruce T. Terlep, of counsel), for appellee George Nachich.

Gerald Haberkorn, Stephen R. Swofford, and Daniel M. Purdom, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Elmhurst Memorial Hospital.

Adrianna K. Liber, of O'Reilly, Cunningham, Norton & Mancini, of Wheaton (Larry A. Mancini, of counsel), for appellee Carl Dinello.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Russell Vortanz, appeals from the denial of a motion to vacate an order dismissing his complaint with prejudice as a sanction pursuant to Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)) because of his failure to produce an expert witness for deposition on the date the trial judge had directed the deposition to proceed. Plaintiff contends on appeal that the trial court should have vacated the dismissal order for the following reasons: (1) the trial court did not have any authority pursuant to Rule 219(c) to dismiss the case on its own motion; (2) plaintiff had no notice that a motion to dismiss would be presented to the trial court on the date in question; (3) plaintiff's actions did not exhibit a deliberate, contumacious or unwarranted disregard for the trial court's authority; and (4) the trial judge's rulings were influenced by his alleged prejudice against attorneys who practice in Cook County. We reverse and remand.

Plaintiff filed his medical malpractice complaint against defendants, Elmhurst Memorial Hospital, Carl Dinello, and George Nachich, in the circuit court of Cook County on July 10, 1985. After one of the defendants moved for a change of venue, the case was transferred to the circuit court of Du Page County on March 12, 1986. The two individual defendants filed their answers to the complaint shortly after venue was transferred.

At a hearing on November 10, 1986, the trial court ordered that all discovery be completed by April 15, 1987. On April 23, 1987, Dr. Nachich filed a motion to dismiss plaintiff's complaint pursuant to Supreme Court Rule 219(c), in which he alleged that plaintiff had failed to submit to a deposition, disclose expert witnesses, or comply with outstanding written discovery. The court did not dismiss the complaint at this time, but did direct plaintiff to disclose expert witnesses by June 1 and submit to a deposition by June 9. Defendants were ordered to disclose their expert witnesses by November 1.

Because of plaintiff's failure to comply with the deadline for disclosure of expert witnesses, defendants filed motions to bar plaintiff from presenting expert testimony. At the June 29, 1987, hearing on these motions, plaintiff disclosed Dr. Bruce Farkas as his expert wit-

ness. On August 5, 1987, defendant Elmhurst Memorial sent out a notice of deposition setting Dr. Farkas' deposition for September 10. The deposition was rescheduled twice by agreement of the parties. On October 26, Elmhurst Memorial presented a motion to the trial court requesting that the November 1 deadline for disclosure of defendants' expert witnesses be extended because plaintiff's expert had not yet been deposed, and his deposition was scheduled for November 9. Plaintiff's attorneys received notice of this motion and hearing but did not attend. The trial judge entered an order directing that the Farkas deposition proceed as scheduled on November 9 and continuing the motion until November 10.

The court held a status hearing on November 2. Plaintiff's attorneys failed to attend the hearing, which was continued until November 10 along with the pending motion. Plaintiff's attorneys also failed to attend the November 10 hearing. The attorney for Dr. Dinello informed the court that plaintiff failed to produce his expert witness for the scheduled deposition on November 9. The trial judge later asked what relief had been requested in the pending motion. The following colloquy then occurred:

"MR. MANCINI [Dr. Dinello's attorney]: At the time we filed our motion we were seeking an extension of time for expert witness [sic]. It's my position now that pursuant to Rule 219 the Court can, by its own motion, dismiss the case for failure to comply with the order of this Court.

THE COURT: I will do that. There appears to have been more than adequate opportunity for the plaintiff to produce an expert for deposition."

The trial judge entered a written dismissal order that same day.

On December 10, 1987, within 30 days of the dismissal, plaintiff filed a motion to vacate the November 10 order. The motion stated that plaintiff's expert could not attend the scheduled November 9 deposition because he could not find another physician to cover his patients. The motion also stated that plaintiff had diligently attempted to produce his expert witness for deposition and that the parties had agreed to continue the deposition until January 25, 1988.

Defendants' attorneys were not present when the motion to vacate was first called on December 21, 1987. The trial judge told plaintiff's attorney he would vacate the order and set the matter for a status hearing on January 4, 1988. Dr. Dinello's attorney informed the court later that day that he had not heard the case called and that plaintiff's motion to vacate was a contested matter. The court then granted defendants leave to file a written response and set a hearing

date for the motion.

Dr. Dinello filed a written response to which he attached the affidavits of Larry Mancini, one of his attorneys, and Julie Gregory, the office manager of the law firm which represented him. Mancini's affidavit stated that he attended the deposition of Dr. James Migala, one of the plaintiff's treating physicians, on November 4, 1987. On that date, Mancini had a conversation with Mary Fitzmaurice, one of plaintiff's attorneys. Mancini advised Fitzmaurice that the court had ordered the deposition of Dr. Farkas to proceed as scheduled on November 9 and had set the case for a further hearing on November 10. The Gregory affidavit stated that sometime prior to November 9, she received a phone call from a representative of Dombrowski and Sorenson, the law office representing plaintiff. Gregory informed the representative of plaintiff's law firm that her office was prepared to proceed with the deposition on November 9, and that the court had ordered the deposition to go ahead on that date. Gregory did not agree to a continuance during this conversation.

Plaintiff attached the affidavit of Sandra Alwicker, office manager of Dombrowski and Sorensen, to his reply to the response to the motion to vacate. Alwicker's affidavit stated that she was first advised on November 5, 1987, that the court had ordered the deposition of Dr. Farkas to take place on November 9. She immediately contacted Dr. Farkas' office and was told that Dr. Farkas could not attend the November 9 deposition. Alwicker then contacted each of the law offices representing defendants, and each agreed to a continued date for the deposition. The affidavit stated further that the two prior continuances of the Farkas deposition were by agreement of the parties.

At the January 4, 1988, hearing on the motion to vacate, the trial judge heard argument from the parties. Plaintiff's attorney argued that she had no control over Dr. Farkas and that Dr. Farkas was unable to attend the deposition on November 9 because he could not find another physician to cover his patients on that date. Plaintiff's attorney also stated that she had no notice that defendants would present a motion to dismiss on November 10, 1987. Dr. Dinello's attorney pointed out that he had told plaintiff's attorney on November 4 about the November 10 hearing and that plaintiff had failed to comply with other discovery orders of the court. At one point, plaintiff's attorney stated that she may have misunderstood what Dr. Dinello's attorney told her on November 4. The trial judge responded as follows:

> "Let me tell you something. You know what you misunderstood. You misunderstood that you generally practice in Cook County and you're in a different zip code out here, okay.

In Cook County if you don't want to take a dep, hey, continue it to the 12th of never; right. If you don't want to answer interrogatories, when you get around to it, right, five to seven years; right."

Shortly thereafter, the trial judge stated that he would thoroughly review the entire case file, and he continued the hearing until January 19. On that date, the trial judge denied the motion to vacate. Plaintiff filed a timely notice of appeal.

Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)) states that if a party unreasonably refuses to comply with rules relating to discovery, requests for admission, or pretrial procedure, or fails to comply with an order entered pursuant to those rules, the court may enter sanctions "on motion" including dismissal of the case. Plaintiff asserts that the employment of the phrase "on motion" in the rule means that one of the parties must present a written motion to the trial court before sanctions may be imposed pursuant to Rule 219(c).

■ Plaintiff implies that a motion must be in writing, but cites no authority in support of this proposition. In *Halter v. Schoreck* (1966), 69 Ill. App. 2d 104, 216 N.E.2d 278, the court stated that the primary difference between a petition and a motion is that a petition is always in writing while a motion is usually in writing but is sometimes made orally. (*Halter*, 69 Ill. App. 2d at 111, 216 N.E.2d at 281.) Black's Law Dictionary defines the word "motion" as a "[w]ritten or *oral* application to court for ruling or order" made before, during, or after a trial. (Emphasis added.) (Black's Law Dictionary 913 (5th ed. 1979).) The above authorities indicate that motions may be made in writing or orally.

We do not believe it is necessary to decide whether, as plaintiff asserts, a motion by one of the parties is a prerequisite to the imposition of sanctions under Rule 219(c), or whether trial courts may impose such sanctions *sua sponte*. Dr. Dinello's attorney clearly requested at the November 10 hearing that the trial court dismiss plaintiff's complaint, even though he suggested that the court do so on its own motion. Dr. Dinello's attorney thus made an oral application to the court for a dismissal order, which would constitute a motion under the definition we have previously cited. Since the trial court did not act on its own motion, we will not decide whether it had the authority to do so under Rule 219(c).

■ We agree, however, with plaintiff's contention that the dismissal order was void because plaintiff had no notice that a motion to dismiss pursuant to Rule 219(c) would be presented to the trial court. In *Maras v. Bertholdt* (1984), 126 Ill. App. 3d 876, 467 N.E.2d 599,

the trial court orally granted a motion to dismiss one count of plaintiff's complaint. The written order granting the motion included language rendering the order appealable pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). This court stated that adding the Rule 304(a) language was a substantive change in the trial judge's oral order which amounted to a new order. (*Maras*, 126 Ill. App. 3d at 881, 467 N.E.2d at 603.) This court held that before a trial court enters a new order, a party must give notice to other parties that a motion will be presented and that, without such notice, the order is void. 126 Ill. App. 3d at 881, 467 N.E.2d at 603.

Here, as in *Maras*, plaintiff received no notice that a motion would be presented seeking the relief granted in the trial court's order. Plaintiff only had notice that defendants would be seeking an extension of time in which to disclose the identities of their expert witnesses at the October 26 and November 10, 1987, hearings. Under our holding in *Maras*, the trial court's dismissal order was void (see also *Wilson v. Moore* (1973), 13 Ill. App. 3d 632, 633, 301 N.E.2d 39, 40 (order entered on motion without notice is void)). Since the November 10, 1987, order dismissing plaintiff's complaint with prejudice was void, the trial court abused its discretion by denying the motion to vacate that order.

■ Furthermore, since the striking of pleadings and entry of judgment against a party as a result of the violation of a discovery rule or order is the most severe sanction that a court can impose pursuant to Rule 219(c), it is only appropriate in those instances where the conduct of the offending party shows a deliberate, contumacious, or unwarranted disregard for the court's authority. (*Barnes v. Black & Decker Manufacturing Co.* (1984), 135 Ill. App. 3d 700, 708, 481 N.E.2d 1200, 1206.) An order imposing such a sanction should be set aside if the offending party establishes that a legitimate excuse existed for the failure to comply with the discovery rule or order and shows a willingness to comply in the future. *Peoples Gas, Light & Coke Co. v. Chicago Black Improvement Association* (1986), 148 Ill. App. 3d 1093, 1096, 502 N.E.2d 8, 10; *Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 890-91, 408 N.E.2d 307, 309.

■ At the time the trial judge entered the dismissal order, he knew only that Dr. Farkas had failed to appear for the scheduled November 9 deposition. The judge had no information which could have caused him to conclude that plaintiff or his attorney had deliberately failed to produce Dr. Farkas for the deposition. In connection with the motion to vacate the dismissal order, plaintiff came forth with a legiti-

mate excuse for his failure to comply with the order directing the parties to proceed with the deposition on November 9. Plaintiff's attorney first learned of this order on November 4, when Larry Mancini mentioned it to Mary Fitzmaurice. The next day, Sandra Alwicker, office manager of the law firm representing plaintiff, telephoned the office of Dr. Farkas. She was advised that it was not possible for Dr. Farkas to attend the deposition on the scheduled date. Alwicker immediately notified the law offices representing each defendant that Dr. Farkas could not attend the scheduled deposition. It further appears from the record that Alwicker sought to set a new date for the deposition by agreement.

Plaintiff established the existence of a legitimate excuse for failing to comply with the order directing the deposition to proceed on November 9 since Dr. Farkas was not under the direct control of plaintiff or his attorneys, and plaintiff's law firm did attempt to procure the attendance of Dr. Farkas at the deposition. Since the office manager of the law firm representing plaintiff contacted each of the law firms representing defendants on November 5 immediately after discovering that Dr. Farkas would be unable to attend the deposition on November 9 and attempted to reschedule the deposition, plaintiff also established that he was willing to comply with future discovery orders and attempt to produce Dr. Farkas for deposition at a future date. Under these circumstances, the trial court's denial of the motion to vacate the dismissal order was an abuse of discretion.

■ Plaintiff's final contention is that the trial judge's denial of his motion to vacate the dismissal order resulted from an alleged antipathy toward attorneys who practice in Cook County. The only support for this unwarranted assertion comes from an isolated comment in the record which we have quoted earlier. We would interpret this comment solely as indicating that the trial judge believes that attorneys often get away with discovery abuses in Cook County, but that such abuses will not be tolerated in his courtroom. There is no basis whatsoever in the record for plaintiff's assertion that the trial judge's rulings were affected by any prejudice toward Cook County attorneys.

■ Finally, defendants have attempted in their briefs to resurrect a motion for summary affirmance which was previously denied by this court. The motion asserted that since the only possible issue before the court was whether the trial court abused its discretion in dismissing the case and plaintiff did not explicitly argue or state in his brief that the trial court's order was an abuse of discretion, this issue has been waived and the dismissal order should be summarily affirmed. Plaintiff has argued, however, that the order was erroneous for sev-

eral different reasons and has cited authorities in support of those reasons. In effect, plaintiff has merely failed to cite the applicable standard of appellate review. While it would have been better practice for plaintiff to have cited the appropriate standard, we will not summarily affirm the dismissal order because of his failure to do so.

Accordingly, the judgment of the circuit court of Du Page County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

UNVERZAGT, P.J., and INGLIS, J., concur.