No. 2--00--0073     

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

JEREMY BUFFINGTON, ) Appeal from the Circuit Court

) of Winnebago County. 

Plaintiff-Appellee, ) 

) 

v. ) No. 98--AR--674

)

RICHARD YUNGEN and TAMMIE )

YUNGEN,   ) Honorable
 ) 

) Timothy R. Gill,

Defendants-Appellants. ) Judge, Presiding.

_________________________________________________________________

 JUSTICE BYRNE delivered the opinion of the court:

Defendants, Richard Yungen and Tammie Yungen, appeal the order of the circuit court of Winnebago County entering a default judgment in favor of plaintiff, Jeremy Buffington.  We reverse and remand.

The record discloses the following.  On September 25, 1998, plaintiff filed a four-count complaint against defendants to recover for personal injuries and property damage allegedly sustained by plaintiff when his car collided with a car driven by Richard and owned by Tammie.  Counts I and II alleged property and bodily injury damages against Richard.  Counts III and IV alleged property and bodily injury damages against Tammie.  

On November 24, 1998, the trial court ordered defendants to file a written answer and a Supreme Court Rule 222 (166 Ill. 2d R. 222) disclosure statement within 21 days.  The matter was also set to March 25, 1999, for an arbitration hearing.

On January 11, 1999, plaintiff filed a notice compelling the  appearance of witnesses, a notice of intent pursuant to Supreme Court Rule 90 (145 Ill. 2d R. 90), a notice to produce, and interrogatories to Richard and Tammie.  On February 9, 1999, the trial court entered a default judgment against defendants for failing to file an answer.  On February 25, 1999, the trial court vacated the default conditioned upon defendants' paying $300 in attorney fees to plaintiff’s attorney.

On March 5, 1999, Richard filed a motion to strike and dismiss count II "in lieu of answer" because another claim, count I of No. 98--AR--776 directed against Richard for the same accident and the same bodily injury claim as count II of the present complaint, was pending.  Richard argued that it would expose him to two judgments for the same alleged wrong and he should not be made to answer twice for the same action.  Plaintiff filed a motion to consolidate the two cases.  On March 9, 1999, the court granted plaintiff’s motion to consolidate and dismissed count II of the present claim.

On March 17, 1999, plaintiff filed a motion to compel discovery.  On March 18, 1999, the trial court granted defendants  21 days to complete discovery and set the arbitration hearing date to April 19, 1999.  

On April 2, 1999, defendants filed a Rule 222 disclosure statement and an answer to the complaint.  Defendants also filed an appearance and jury demand.  On April 8, 1999, the court granted defendants leave to answer counts III and IV of plaintiff’s complaint.  On April 13, 1999, defendants filed an amended answer to plaintiff’s complaint and a motion for summary judgment as to counts III and IV directed against Tammie.  

On April 22, 1999, plaintiff filed a motion for discovery sanctions against defendants for their failure to respond to the discovery.  The trial court granted the motion, sanctioning defendants with $400 in attorney fees. 

On May 27, 1999, the parties appeared before the trial court on defendants’ motion for summary judgment.  No other motions were pending.  Without ruling on defendants’ motion for summary judgment, the trial court struck the amended answer and entered a default judgment against defendants for failing to respond to discovery as previously ordered.  

On June 3, 1999, following a prove-up, the trial court entered judgment for plaintiff against defendants, jointly and severally, as to counts I and III for property damage to plaintiff’s car in the amount of $4,325, plus costs, and against Tammie as to count IV for bodily injuries in the amount of $1,388, plus costs.  Defendants filed a motion to vacate and attached answers to interrogatories.  On July 1, 1999, the trial court denied the motion. 

On July 1, 1999, the trial court vacated the default judgment against Tammie as to count IV on plaintiff’s motion.  Thereafter, Tammie filed a motion for summary judgment.  The trial court granted the motion, and count IV was dismissed.

On December 16, 1999, the trial court severed the consolidated cases and entered a final judgment against defendants as to counts I and III.  Case No. 98--AR--776 remains pending.  There are no reports of the proceedings included in the record on appeal. 

On appeal, defendants contend that the trial court abused its discretion in entering the default order and denying their motion to vacate.  They claim that (1) their actions did not exhibit a  deliberate, contumacious, or unwarranted disregard for the trial court’s authority; (2) they had no notice that a motion to strike the answers and to enter a default judgment would be presented to the trial court when the court,
 
sua
 
sponte
, entered judgment against them
; (3) they were improperly sanctioned twice for the same conduct; and (4) the trial court failed to address Tammie’s pending summary judgment motion before entering the default judgment.  For the reasons that follow, we reverse and remand.

Supreme Court Rule 219(c) (166 Ill. 2d R. 219(c)) provides that where a party unreasonably refuses to comply with discovery rules or orders, the trial court may enter "on motion" "such orders as are just" to remedy the situation.  The imposition of sanctions is a matter largely within the discretion of the trial court and should not be disturbed on review unless the order constitutes an abuse of discretion, such as where the record shows that the party’s conduct was not unreasonable or where the sanction itself is not just.  
Hartnett v. Stack
, 241 Ill. App. 3d 157, 172 (1993).  "Because the purpose of these sanctions is to effect discovery, rather than to punish the dilatory party [citation], a 'just order' under Rule 219(c) is one which, to the degree possible, ensures both the accomplishment of discovery and a trial on the merits."  
Martinez v. Pfizer Laboratories Division
, 216 Ill. App. 3d 360, 373 (1991).

In 
Vortanz v. Elmhurst Memorial Hospital
, 179 Ill. App. 3d 584 (1989)
, the plaintiff argued that the use of the phrase "on motion" in Rule 219(c) implies that a party must present a written motion before a sanction is imposed and that the trial court had no authority to dismiss his complaint on its own motion.  We found that the phrase "on motion" means that it can be made orally or in writing.  
Vortanz
, 179 Ill. App. 3d at 589.  Moreover, because defense counsel orally requested that the court impose sanctions when both parties were in court on another matter, we found it unnecessary to decide whether Rule 219(c) requires a written notice to be filed before sanctions may be imposed or whether a trial court has the authority to impose such sanctions 
sua
 
sponte
.  
Vortanz
, 179 Ill. App. 3d at 589.  However, we agreed with the plaintiff that the order was void because the plaintiff received no notice that a motion would be presented seeking the relief granted in the trial court’s order.  See 
Maras v. Bertholdt
, 126 Ill. App. 3d 876, 881 (1984)(before a trial court enters a new order, a party must give notice to other parties that a motion will be presented, and, without such notice, the order is void).  We concluded that, because the order was void, the trial court abused its discretion by denying the motion to vacate that order.  
Vortanz
, 179 Ill. App. 3d at 590. 
 

Similar to 
Vortanz
, defendants argue that the failure to give them notice that a motion would be presented seeking the relief granted in the trial court’s order rendered the default judgment order void.  We agree.  Here, as in 
Vortanz
, defendants were in court for a hearing on their motion for summary judgment. Defendants received no notice that a motion seeking a default judgment would be presented.  Moreover, there is no record that plaintiff made an oral application to the court for such a motion.  Nor does plaintiff allege that an oral motion was in fact given at the hearing on defendants’ motion for summary judgment.  We therefore conclude 
the trial court’s default order was void. 

Relying on 
In re Rehabilitation of American Mutual Reinsurance Co.
, 238 Ill. App. 3d 1, 11 (1992), where the Appellate Court, First District, concluded that the failure to serve a nonmoving party with notice renders a subsequent order based on that motion voidable rather than void, plaintiff claims that defendants have not been prejudiced by the failure to receive notice because defendants were or should have been well aware that they had not responded to the discovery order within 21 days of the previous sanction.  We disagree.  Defendants had a right to make their defense, and common justice dictates that in order to enjoy that right they must first be notified.  See 
City of Chicago v. American National Bank & Trust Co.
, 171 Ill. App. 3d 680, 688 (1988).  The denial of that right was prejudicial
.  Accordingly, because the order entering a default judgment against defendants was void, we hold that the trial court abused its discretion by denying the motion to vacate that order.

Furthermore, Rule 219(c) contains a list of sanctions that the court may impose to insure compliance with discovery rules or orders, such as staying the proceedings, barring testimony, striking claims or defenses, awarding fees and costs, instituting contempt proceedings, entering a default judgment, and dismissing the action.  166 Ill. 2d R. 219(c).  A default judgment and a dismissal of the action, being the most drastic sanctions, are ones that courts are reluctant to impose.  
Martinez
, 216 Ill. App. 3d at 373.  A court should impose such sanctions only as a last resort where the actions of the party demonstrate a deliberate, contumacious, and unwarranted disregard of the court’s authority;  only where all other enforcement powers at the court’s disposal have failed to advance the litigation should the court order such a penalty.  
Martinez
, 216 Ill. App. 3d at 373-74.  The sanctions may be set aside where a trial on the merits could be had without hardship or prejudice.  
Martinez
, 216 Ill. App. 3d at 374. 
 See, 
e.g.
, 
Hartnett
, 241 Ill. App. 3d at 174 (defendant alleged he was deathly ill and could not attend a deposition but failed to file a physician’s affidavit as proof as ordered by the trial court); 
Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.
, 122 Ill. App. 3d 504, 513 (1984) (defendant deliberately left the state knowing his deposition was required).

In the present case, the record contains an order of default entered against defendants for their failure to file an answer to the complaint on February 2, 1999.  The order was vacated on February 25, 1999, and, in exchange for the court's vacating the default, defendants were sanctioned and ordered to pay $300 in attorney fees.  By April 13, 1999, defendants had filed an amended answer and a Rule 222 disclosure statement.  Subsequently, on April 22, 1999, the trial court granted plaintiff’s motion for sanctions for failing to respond to discovery, ordering defendants to pay $400 in attorney fees.  On May 27, 1999, the trial court entered a second default judgment 
sua
 
sponte
 against defendants for failing to answer the discovery as previously ordered.  While it is clear that defendants failed to timely comply with the trial court’s order to respond to discovery, there is nothing in the record that exhibits a deliberate or contumacious disregard for the court’s authority.  
Thus, the reasons for and the basis of the trial court’s imposition of such an onerous sanction are unclear.  Without evidence of the proscribed conduct, the entry of an order of a default judgment against defendants was not a sanction proportionate to defendants’ violation of the discovery process. 
 Under these circumstances, the trial court’s denial of the motion to vacate the default judgment order was an abuse of discretion.

We note that by this ruling we are not condoning defendants’ conduct.  We are aware that arbitration is designed to expedite the hearing process without prolonging discovery.  However, this does not mean that defendants must lose their right to their day in court by such a drastic sanction when defendants had no notice of any motion seeking the relief granted by the trial court and there is no evidence of a deliberate, contumacious disregard of the court’s discovery orders.  Therefore, we conclude that the trial court abused its discretion in entering a default judgment against defendants and denying their motion to vacate.  Accordingly, we need not address defendants’ remaining contentions. 

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded.

Reversed and remanded. 

HUTCHINSON, P.J., and GEIGER, J., concur.