2025 IL App (1st) 231959-U

THIRD DIVISION
May 21, 2025

No. 1-23-1959

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| AMEER NOURELDIN, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2019 M3 006436 |
| | ) | |
| DOUGLAS ANDERSON and ELA SOCCER CLUB, | ) | |
| | ) | Honorable Martin C. Kelley, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held:* The incomplete record on appeal does not establish that the trial court erred in (1) granting defendants' motion to reconsider, (2) allowing defendants to amend their counterclaim, (3) denying plaintiff's motion to dismiss defendants' amended counterclaim, (4) denying plaintiff's motion for "declaratory order [*sic*]," and (5) entering sanctions against plaintiff. Affirmed.

¶ 2    Plaintiff Ameer Noureldin filed a complaint against defendants Douglas Anderson and Ela Soccer Club alleging breach of contract and a violation of the Illinois Wage Payment and Collection Act (Act) (820 ILCS 115/1 *et seq.* (West 2018)). The trial court initially entered summary judgment in favor of plaintiff. Defendants then filed a motion to reconsider, which the court granted. Defendants subsequently filed a "motion for default and /or [to] bar the plaintiff

from testifying," which the court granted following a hearing. On appeal, plaintiff contends that the court erred in (1) granting defendants' motion to reconsider, (2) allowing defendants to amend their counterclaim, (3) denying his motion to dismiss defendants' amended counterclaim, (4) denying his motion for "declaratory order [*sic*]," and (5) entering sanctions against plaintiff. For the following reasons, we affirm the judgment of the trial court.

¶ 3                                             BACKGROUND

¶ 4      The record on appeal lacks a report of proceedings or acceptable substitute for all but one hearing in this cause. Accordingly, the following facts are taken from the limited record before us, which includes the trial court's docket entries, the pleadings, and the trial court's orders.

¶ 5      Plaintiff Ameer Noureldin was a soccer coach with defendant Ela Soccer Club (Ela). Defendant Douglas Anderson is the president of Ela. On September 6, 2019, plaintiff filed a three-count verified complaint against defendants, alleging breach of contract (count I), a violation of the Act against Ela (count II), and a violation of the Act against Anderson (count III).

¶ 6      Plaintiff's complaint made the following allegations: On or about August 1, 2017, plaintiff and defendants executed a written agreement (Agreement) pursuant to which plaintiff would be paid $27,000 annually to be the soccer coach and trainer for Ela's youth soccer program. On June 28, 2018, the parties renewed the Agreement for an additional period beginning on August 1, 2018, and ending on July 31, 2019.

¶ 7      Around March 1, 2019, Ela assigned plaintiff to coach two teams at an annual tournament in Minneapolis, Minnesota, which was scheduled to take place from July 12 - 20, 2019. Plaintiff was to receive additional compensation of $1,700 ($850 of which plaintiff had received prior to attending the tournament) and reimbursement for his travel and meal expenses.

¶ 8      On or about May 15, 2019, plaintiff notified Ela's Director of Coaching (Jose Fleita) that plaintiff would not renew the Agreement with defendants when the current Agreement ended. On

July 13, 2019, Fleita notified plaintiff that he was immediately terminated by defendants for "accepting employment with another club *** and that he would need to immediately leave" the tournament premises. Plaintiff did so, after having completed approximately 19 hours' work for the tournament. Plaintiff stated that he had no further coaching duties regarding any of his assigned teams as of July 13, 2019. Plaintiff alleged that he was owed an aggregate of $2,924.02, comprising his final payment of wages owed under the Agreement ($1,520.83), compensation for coaching the tournament ($850), and reimbursement for expenses related to coaching in the tournament ($553.19).

¶ 9 Plaintiff attached a photographic copy of the Agreement to his complaint. The Agreement contained a section entitled "Exclusive Employment" that included the following condition: "During the term of this Agreement, [plaintiff] shall not work for, consult for, volunteer for, or have any beneficial interest whatsoever in any other soccer club." In addition, the section entitled "Indemnification" included the following: "[Plaintiff] agrees to indemnify and save harmless [Ela] from all claims, demands, penalties, suits or actions and from any and all loss, cost or expense in connection therewith, including reasonable attorney fees, through any appellate procedure, *** (iii) for any claims against, or losses of liability of, such indemnified party for any cause resulting from, (A) [Plaintiff's] failure to perform Employee's duties and obligations under this Agreement, (B) [Plaintiff's] violation of Employer's by-laws, rules and regulations or other applicable laws or statu[t]es, (C) [Plaintiff] being found guilty of fraud or other intentionally tortuous [*sic*] or criminal conduct or (D) any misrepresentation or false statement made by [Plaintiff]."

¶ 10 On November 6, 2019, defendants filed with their answer a two-count counterclaim for breach of contract and breach of a covenant not to compete. Defendants argued in substance that plaintiff breached the Agreement when he accepted employment with a rival soccer club, FCX, prior to the end of the term of the Agreement, and that he violated the Agreement's covenant not

to compete provision by accepting a coaching position at FCX, which defendants alleged was approximately 5 miles from Ela's home office. In addition to a copy of the Agreement, defendants attached a "screenshot" from July 13, 2019, which purportedly showed plaintiff as a member of FCX's coaching staff. Defendants further included the affidavit of Anderson, Ela's president. Anderson stated in his affidavit that Ela's director of coaching (Jose Fleita) had been informed by "one of his kid's parents" that plaintiff had attended a "coaches/parents meeting" during the previous week at an FCX facility. Anderson added that he printed out the screenshot of the FCX website showing plaintiff as a coach for that team. Anderson stated that he decided not to pay any further money to plaintiff based upon Anderson's belief that plaintiff had breached the Agreement. Defendants asked the court to award it $850 and its reasonable attorney fees.

¶ 11 On December 10, 2019, the trial court entered an order granting defendants "limited discovery" to obtain plaintiff's current employment contract.

¶ 12 The parties subsequently filed cross-motions for summary judgment. Plaintiff's motion argued in substance that there was no dispute that plaintiff provided his coaching services pursuant to the Agreement until his termination and that he began his employment with FCX on August 14, 2019, which was after the Agreement expired. Defendants' motion, by contrast, argued that there was no dispute that plaintiff breached the Agreement when he began working for FCX prior to the expiration (and in violation) of the Agreement. On January 26, 2021, following a hearing, the trial court granted plaintiff's motion for summary judgment "in its entirety" and denied defendants' motion. The court's written order indicates that it was "fully advised," but there is no report of proceedings (or acceptable substitute) for this hearing.

¶ 13 On February 18, 2021, defendants filed a motion to reconsider the trial court's order granting plaintiff's motion for summary judgment and denying defendants' summary judgment motion. Defendants' motion argued that the court misapplied the law because its ruling allowed

plaintiff to benefit from his material breach of the parties' contract, which defendants argued was counter to existing precedent. Defendants also argued that the court should have denied plaintiff's summary judgment motion because there was a genuine issue of material fact as to when plaintiff began working for Ela's rival club, FCX. In particular, although plaintiff stated in his affidavit that he began employment at FCX on August 14, 2019, defendants pointed out that his executed contract with FCX was dated in July 2019. Defendants also recounted that it had presented evidence of a screenshot (dated July 13, 2019) from the FCX website that showed plaintiff listed as a coach for FCX. In addition, defendants noted that Anderson's affidavit indicated that Fleita told him that plaintiff had attended a "coaches meeting for FCX" prior to July 13, 2019. Finally, defendants reiterated their arguments from their motion for summary judgment.

¶ 14 On May 10, 2021, the trial court entered a written order granting defendants' motion to reconsider. The order stated that the matter came "to be heard before this *** court" and further vacated its prior order granting summary judgment in favor of plaintiff. Finally, the order stated that plaintiff's motion for attorney fees was "not considered" due to the granting of defendant's motion to reconsider. The matter was continued to July 13, 2021, and allowed the parties to "conduct oral discovery [and] depositions instanter." On July 13, 2021, the court allowed discovery until August 31, 2021, and continued the cause to that date.

¶ 15 On August 24, 2021, defendants filed a motion to amend their counterclaim. Defendants' amended counterclaim was substantially the same as their initial counterclaim but requested $27,000 in additional damages, which defendants alleged represented plaintiff's compensation from FCX from June 28, 2018 – July 31, 2019, during which plaintiff violated the covenant not to compete. Defendants also reiterated their request for $850 in monies advanced and their attorney fees. On August 31, 2021, following a hearing, the trial court granted defendants' motion and gave plaintiff 28 days to answer. The court continued the matter to October 5, 2021.

¶ 16    On October 1, 2021, plaintiff filed a combined motion to dismiss defendants' amended counterclaim and to vacate the trial court's prior order of May 10, 2021.  Plaintiff argued that the amended counterclaim should be dismissed on the following grounds:  (1) defendants were asking for an equitable remedy from a court other than a chancery court, (2) defendants' violation of the Act "is an affirmative defense that renders the [Agreement's] restrictive covenant unenforceable," (3) defendants are seeking $850 from plaintiff for "work he performed when it is undisputed they garnished" $2,924.02 from plaintiff's earned wages, (4) the requested relief is not tied to any demonstrable damages defendants suffered; and (5) their damages claim, $27,850, exceeds the limit for small claims cases.  Plaintiff added that defendants' "inability to provide any further evidence at this time demonstrates there is no issue of material fact ***, and in consequence" the court's order granting defendants' motion to reconsider (dated May 10, 2021) should be vacated and the order granting plaintiff's prior summary judgment motion (dated January 26, 2021) should be reinstated.  On December 14, 2021, following a hearing, the court denied plaintiff's motion.

¶ 17    On March 13, 2023, plaintiff filed a motion for declaratory "order" pursuant to section 2-701 of the Code of Civil Procedure (Code) (735 ILCS 5/2-701 (West 2022)) seeking a declaration from the trial court that, pursuant to the Agreement and section 9 of the Act (820 ILCS 115/9 (West 2022)), "defendants had no right to withhold plaintiff's earned wages *** due to plaintiff never giving his consent" to the withholding.  Plaintiff argued that a declaratory order that plaintiff was "entitled to his wages, and conversely that defendants cannot continue to withhold his wages, would not only end the vexatious discovery but also put a linchpin on this whole case."

¶ 18    On April 28, 2023, defendants filed a "motion for default and /or [to] bar the plaintiff from testifying."  Defendants said that they issued and served discovery on plaintiff on October 10, 2022, and sent a "201k letter" requesting discovery responses on January 6, 2023.  Defendants stated that the responses are "crucial to establish facts and evidence" supporting their counterclaim,

6

but plaintiff did not respond to the October 2022 discovery and the subsequent 201(k) letter sent in January 2023. Defendants noted, however, that plaintiff instead filed a motion for declaratory order on March 13, 2023, seeking an order "essentially granting [plaintiff] summary judgment." Defendants asked the trial court to grant their motion for default or in the alternative, to bar plaintiff from testifying and presenting evidence at trial. Plaintiff did not respond to this motion.

¶ 19    On May 17, 2023, following a hearing on "various motions," the trial court issued a written order denying plaintiff's motion for declaratory order and granting defendants' motion to bar plaintiff from testifying. The court's order further stated that it found that plaintiff's failure to provide defendants with discovery was "contemptuous and in bad faith," and allowed defendants to petition for their attorney fees. The court then entered default judgment in favor of defendants.

¶ 20    On June 28, 2023, plaintiff filed a motion to reconsider and vacate the trial court's order granting default judgment. Plaintiff first argued that default judgment was unwarranted because defendants failed to first seek leave of court to conduct discovery pursuant to Illinois Supreme Court Rule 287 (Ill. S. Ct. R. 287 (eff. Aug. 1, 1992)). Plaintiff reasoned that, since defendants never obtained leave, he was not obligated to answer defendants' "unapproved discovery requests." Plaintiff further argued that sanctions were erroneously imposed because defendants failed to file a motion to compel discovery prior to seeking sanctions, and plaintiff did not violate any court order. Finally, plaintiff said he was not given adequate time to respond to the motion.

¶ 21    On September 25, 2023, the trial court held a hearing on plaintiff's motion to reconsider. During the hearing, plaintiff argued in part that defendants' discovery was excessive and noted that the case was a small claims case, so defendants needed first to obtain leave of court prior to propounding discovery, but they never did so. Plaintiff then stated that he "should not be obligated to answer something that [defendants] never got leave for." Plaintiff further argued that, although defendants stated in their motion for default that "several telephone conferences were made in

order for them to be compliant with Rule 201(k)," those conferences never took place and plaintiff was not given an opportunity to respond.

¶ 22   Defendants responded that this case was no longer a small claims matter because his counterclaim exceeded the $10,000 limit. Defendants further argued that, although plaintiff claimed that their discovery requests were unduly burdensome, plaintiff never responded, objected, or filed a motion to quash or object. Defendants noted that prior precedent held that "six months' delay was sanctionable, and [the court] issued sanctions against that party." Defendants then argued that this case was "more egregious" because the delay was nearly 11 months without plaintiff having filed either an answer or an objection. Finally, defendants argued that plaintiff failed to request a briefing schedule to respond to their motion for default, so he could not complain of having no opportunity to respond.

¶ 23   Following the hearing, the court issued a written order denying plaintiff's motion to reconsider and granting in part defendant's petition for attorney fees. The court stated that it neither read nor heard anything to change its ruling from May 17, 2023. The court added that plaintiff's refusal to respond to discovery was "exactly the kind of conduct the Supreme Court was contemplating [and] addressing with [Rule] 219(c)." The court awarded defendants their attorney fees in the amount of $3,712.50, which the court stated comprised fees from the date discovery was issued (October 11, 2022) until the filing of the petition for fees (May 17, 2023).

¶ 24   On October 24, 2023, plaintiff filed his notice of appeal, seeking review of the following orders: May 10, August 31, and December 14, 2021; and May 17 and September 25, 2023.

¶ 25                                    ANALYSIS

¶ 26   On appeal, plaintiff claims that the trial court erroneously (1) granted defendants' motion to reconsider, (2) allowed defendants to amend their counterclaim, (3) denied his motion to dismiss defendants' amended counterclaim, (4) denied his motion for "declaratory order [*sic*]," and

(5) sanctioned plaintiff for certain discovery violations.  Before considering these arguments on appeal, however, we must discuss the state of the record on appeal.[1]

¶ 27                                          The Record on Appeal

¶ 28     The record on appeal includes a report of proceedings for only one hearing:  the hearing on September 25, 2023, which concerned plaintiff's motion to reconsider the trial court's order granting default judgment in favor of defendants and against plaintiff.  There is no transcript (or acceptable substitute) for the hearing on May 10, 2021 (resulting in the granting of defendants' motion to reconsider and the vacatur of the prior summary judgment order in favor of plaintiff), May 17, 2023 (resulting in the default judgment against plaintiff), nor any other hearing date.

¶ 29     Illinois Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal, including a certified copy of the report of proceedings.  See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 324 (eff. July 1, 2017).  If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Rule 323.  See Ill. S. Ct. R. 323 (eff. July 1, 2017).  The burden of providing a sufficient record on appeal rests with the appellant (here, plaintiff).  *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant.").  In the absence of such a record, we must presume the trial court acted in conformity with the law and with a

---

[1]  In their brief, defendants also ask that we dismiss this appeal because of plaintiff's purported violations of Supreme Court Rule 341 (Ill. S. Ct. R. 341 (eff. Oct. 1, 2020)), including the failure to specify the standard of review for each issue raised and the use of the term "Soccer Club" to refer to Ela, which defendants characterize as "pejorative."  Since, however, we are able to discern plaintiff's argument as to the standard of review for the issues raised and do not consider the term "soccer club" to be so pejorative as to merit dismissal of an appeal, a particularly harsh sanction (see *Trapp v. City of Burbank Firefighters' Pension Fund*, 2024 IL App (1st) 231311, ¶ 14 (citing *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005))), we decline defendant's request.

sufficient factual basis for its findings. *Id.* at 392. Furthermore, any doubts arising from an incomplete record will be resolved against the appellant. *Id.* With these limitations in mind, we now turn to the issues plaintiff raises in this appeal.

¶ 30                                  Defendants' Motion to Reconsider

¶ 31    The purpose of a motion to reconsider is to bring to the court's attention (1) newly discovered evidence that was unavailable at the time of the hearing, (2) changes in the law, or (3) errors in the court's previous application of existing law. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 133 (2008). Arguments raised for the first time in a motion for reconsideration in the circuit court are forfeited on appeal. *Id.* at 134. Finally, our standard of review depends upon the underlying nature of the motion to reconsider. Where, as here, the motion to reconsider merely argues that the trial court misapplied existing law, our review is *de novo*. *O'Shield v. Lakeside Bank*, 335 Ill. App. 3d 834, 838 (2002).

¶ 32    Here, defendants' motion to reconsider concerned an earlier order granting summary judgment in favor of plaintiff. Summary judgment is appropriate if the pleadings, depositions, admissions, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). "Although summary judgment is encouraged in order to aid the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation." *Monson v. City of Danville*, 2018 IL 122486, ¶ 12. Accordingly, summary judgment should only be granted when the moving party's right to judgment is " 'clear and free from doubt.' " *Colon v. Illinois Central R.R. Co.*, 2024 IL App (1st) 221841, ¶ 27 (quoting *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992)). If reasonable people would draw divergent inferences from undisputed facts, summary judgment is inappropriate. *MEP Construction, LLC v. Truco MP, LLC*, 2019 IL App (1st) 180539, ¶ 12 (citing *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008)).

¶ 33    To determine whether there is a genuine issue of material fact, we construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the opponent. *Id.* ¶ 12 (citing *Outboard Marine*, 154 Ill. 2d at 131-32). It is well established that "facts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavit are admitted and must be taken as true for purposes of the motion." *Purtill v. Hess*, 111 Ill. 2d 229, 241 (1986) (citing *Heidelberger v. Jewel Cos.*, 57 Ill. 2d 87, 92-93 (1974)). Nonetheless, "[s]tatements in an affidavit which are based on information and belief or which are unsupported conclusions, opinions, or speculation are insufficient to raise a genuine issue of material fact." (Alteration in the original.) *MEP Construction*, 2019 IL App (1st) 180539, ¶ 13 (quoting *Outboard Marine*, 154 Ill. 2d at 132). In addition, a party's admissions contained in an original verified pleading are judicial admissions that bind the pleader throughout the litigation, even after the filing of an amended pleading that supersedes the original, unless they are the product of mistake or inadvertence. *Id.* We also review a trial court's entry of summary judgment *de novo. Outboard Marine*, 154 Ill. 2d at 102.

¶ 34    In this case, plaintiff contends that the trial court erred in granting defendants' motion to reconsider. Plaintiff, however, has failed to provide this court with either a report of proceedings or an acceptable substitute. There is no record supporting plaintiff's argument that the court improperly failed to "hold [defendants] to bringing forth new evidence of [plaintiff] working for FCX prior to August of 2019." In addition, there is no record demonstrating that the court allowed defendants' "mere allegation" to support its decision to grant their motion to reconsider. His claims are thus unfounded. Where, as here, the record is incomplete or does not demonstrate the alleged error, we may not speculate as to what errors may have occurred below. See *Foutch*, 99 Ill. 2d at 391-92; *Smolinski*, 363 Ill. App. 3d at 757; see also *People v. Edwards*, 74 Ill. 2d 1, 7 (1978) ("A reviewing court may not guess at the harm to an appellant * * * where a record is

11

incomplete. * * * Where the record is insufficient or does not demonstrate the alleged error, the reviewing court must refrain from supposition and decide accordingly."). Under these circumstances, as noted above, we must presume that the court acted in conformity with the law and with a sufficient factual basis for its findings. *Corral*, 217 Ill. 2d at 156-57. Consequently, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92. We must therefore reject plaintiff's claims on this ground alone.

¶ 35 Moreover, on the limited record before us, we are compelled to uphold the trial court's judgment. Defendants' motion to reconsider explained that, although plaintiff was obligated under the Agreement to work solely for Ela through July 2019, there was evidence establishing that plaintiff instead had begun working for a rival club (FCX) in that same month. This evidence consisted of both the screen shot from July 13, 2019, showing plaintiff as a member of FCX's staff, Anderson's statement in his affidavit that the director of coaching reported that plaintiff had attended FCX's coaches meeting on that same date, as well as other unspecified "evidence" that plaintiff executed his contract with FCX in July 2019. At a minimum, these facts raise a genuine issue of material fact as to when exactly plaintiff began working for FCX, and whether his work for FCX would violate the noncompete or exclusivity provisions in the Agreement. We note that defendants assert in response that the court did find a genuine issue of material fact as to whether plaintiff violated those two provisions, thus warranting both the granting of defendants' motion to reconsider and also the denial of summary judgment. Unfortunately, there is no report of proceedings, so we cannot determine whether that statement accurately reflects what transpired at the hearing or whether any arguments were forfeited. Plaintiff's claim thus fails.

¶ 36                    Defendants' Motion to Amend Their Counterclaim

¶ 37 Plaintiff also contends, somewhat obliquely, that the trial court erred in granting defendants' motion to amend their counterclaim. Defendants respond that plaintiff has forfeited

any challenge because he failed to raise any objection during the hearing on this motion. This contention of error is meritless for multiple reasons.

¶ 38    Section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2022)) reads in pertinent part: "At any time before final judgment[,] amendments may be allowed on just and reasonable terms, *** adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable *** the defendant to make a defense or assert a cross claim." To determine whether to allow an amendment to the pleadings, a trial court considers the following factors: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). The decision whether to allow a party's motion to amend its pleadings is within the trial court's sound discretion, and we may not disturb that decision absent a "manifest abuse of such discretion." *Id.* at 273-74. A trial court abuses its discretion only where its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view. *Blum v. Koster*, 235 Ill.2d 21, 36 (2009).

¶ 39    Here, the record on appeal indicates that there was a "Zoom hearing" set for August 31, 2019. The trial court's written order (dated August 31, 2019), which granted defendants' motion to amend its counterclaim, stated that it had been "fully advised." There is, however, no report of proceedings (or acceptable substitute) for this hearing. Accordingly, we cannot determine whether the court abused its discretion in granting defendants' motion, whether the court properly evaluated the various *Loyola Academy* factors, or whether plaintiff did indeed fail to raise any objections to the proposed amendment (thus forfeiting any challenge on appeal). Consequently, we may not speculate as to any errors that may have occurred below (see *Edwards*, 74 Ill. 2d at 7), and we

13

must further presume that the court's decision had sufficient factual and legal support (see *Corral*, 217 Ill. 2d at 156-57). On this basis alone, we may uphold the trial court's decision.

¶ 40    Moreover, plaintiff's argument on appeal fails to provide any substantive argument on this point before this court. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) states that the briefs shall contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." In this case, however, plaintiff's argument and citations do not focus on section 2-616 or decisions interpreting that statute; instead, plaintiff's few citations solely relate to the Act and whether it applies to breach of contract actions. Plaintiff has thus forfeited this issue on this additional ground. We must therefore reject plaintiff's contention of error on this point.

¶ 41            Plaintiff's Motion to Dismiss Defendants' Amended Counterclaim

¶ 42    Plaintiff next contends that the trial court erroneously denied his motion to dismiss defendants' amended counterclaim. This claim is incorporated with plaintiff's challenge to the court's granting of defendants' motion to amend their counterclaim. Plaintiff argues that the amended counterclaim was insufficiently pled, failed to properly allege damages, and did not "state a basis for the relief sought."

¶ 43    Plaintiff's motion was brought pursuant to both sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-615, 2-619 (West 2022). A motion to dismiss under section 2-615 challenges the legal sufficiency of a complaint. *Kanerva v. Weems*, 2014 IL 115811, ¶ 33. In contrast, section 2-619 provides for involuntary dismissal based upon certain defects or defenses. 735 ILCS 5/2-619 (West 2022). When ruling on a motion to dismiss under either section 2-615 or section 2-619, a court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party. *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003). Therefore, a motion to dismiss under either section

cannot be granted unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006) (section 2-615); *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8 (section 2-619). We review *de novo* the trial court's decision on motions to dismiss brought under both sections 2-615 and 2-619. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 44   Here, however, and as with plaintiff's other claims, the record contains no transcript for the hearing on December 14, 2021, when the trial court heard argument on the motion to dismiss. Plaintiff, the appellant in this case, has not provided a report of proceedings (or acceptable substitute) of those hearings, despite the fact that he is obligated to do so pursuant to supreme court rule. See Ill. S.Ct. Rs. 321 (eff. Oct. 1, 2021), 323 (eff. July 1, 2017), 324 (eff. July 1, 2017); see also *Corral*, 217 Ill. 2d at 156 (it is the appellant's burden to provide a sufficient record on appeal). Although we review the court's judgment and not reasoning, and we may affirm on any basis in the record irrespective of whether the trial court relied upon that basis (*Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97 (1995)), our review is hindered by the lack of a complete record. In particular, we have no ability to evaluate defendants' response that plaintiff never argued any of the points raised in his written motion to dismiss at the hearing before the trial court on his motion. Under such circumstances, we must presume the court's judgment was supported by a sound factual and legal basis in the absence of a complete record on appeal (*Foutch*, 99 Ill. 2d at 392). See also *Taliani v. Resurreccion*, 2018 IL App (3d) 160327, ¶ 20 (affirming the trial court's granting of a motion to dismiss "because of the lack of a sufficient record on this issue").

¶ 45   Moreover, based upon the limited facts before us, the trial court did not err in denying plaintiff's motion. Accepting all well-pleaded facts in the counterclaim as true and drawing all reasonable inferences from those facts in favor of defendants (*i.e.*, the nonmoving party) (see *Edelman, Combs & Latturner*, 338 Ill. App. 3d at 164), defendants alleged in essence that plaintiff

15

violated the exclusivity and noncompete provisions of the Agreement when he began employment prior to the expiration of the Agreement with FCX, one of Ela's competitors that was purportedly located within the prohibited geographic range of the noncompete provision of the Agreement. If those facts were proved, it would entitle defendants to a recovery. Therefore, since it is *not* clearly apparent that no set of facts can be proved that would entitle the plaintiff to a recovery, the court did not err in denying plaintiff's motion to dismiss. See *Marshall*, 222 Ill. 2d at 429; *Snyder*, 2011 IL 111052, ¶ 8. Plaintiff's claim of error on this point is therefore meritless.

¶ 46                            Plaintiff's Motion for Declaratory Order

¶ 47    Plaintiff contends, in two paragraphs with only one statutory citation, that the trial court's denial of his motion for a declaratory order was improper. Plaintiff faults the trial court for having "refused to declare [plaintiff's] rights under the Act, instead dismissing and defaulting him" when defendants filed their motion for default against plaintiff on that same day. Defendants argue that the trial court denied this motion for the same reasons that it vacated its prior summary judgment order in favor of plaintiff, namely, that there were genuine issues of material fact precluding both summary judgment and a declaratory order in favor of plaintiff. Defendants add that the court further found that this motion was, in effect, a second motion for summary judgment, so the court denied the motion for declaratory order for the same reasons.

¶ 48    These findings, however, took place during the hearing on May 17, 2019, for which we have no transcript. As noted above, it is plaintiff's obligation to provide this court with a complete record on appeal, in the absence of which we may not speculate as to what errors may have occurred below. See *Foutch*, 99 Ill. 2d at 391-92. The standard of review applied to a declaratory judgment depends upon the nature of the trial court proceeding: Legal determinations are subject to *de novo* review, whereas factual determinations are reviewed for an abuse of discretion. See *Oak Run Property Owners Ass'n v. Basta*, 2019 IL App (3d) 180687, ¶ 50. We have no

knowledge, however, as to the precise grounds upon which the court rejected plaintiff's 2-701 motion. Plaintiff's motion alleged in part that defendants were in material breach of the Agreement and that their "insistence that plaintiff worked for two clubs at the same time is *** a fabrication." Those are factual findings, which would require that we review the court's decision for an abuse of discretion. *Id.* Plaintiff, however, also argued in his motion that he was entitled to his wages under the Act, which appears to be a legal determination that would warrant a *de novo* standard of review of the court's decision. *Id.* The written order denying plaintiff's 2-701 motion merely states that it was "denied" following a hearing. Without any record of that hearing, there is nothing for us to review. Accordingly, we must presume the court's order was both factually and legally sound. See *Foutch*, 99 Ill. 2d at 392.

¶ 49 Moreover, plaintiff's argument consists of merely two paragraphs with bare citations to the statute and a federal district case concerning breach of contract claims. As noted above, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) states that the briefs must contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." On this additional basis, this matter is forfeited. We therefore reject plaintiff's contention of error on this issue.

¶ 50                    The Trial Court's Sanctions on Plaintiff

¶ 51 Finally, plaintiff contends that the trial court erroneously granted defendants' motion for default and to bar plaintiff's testimony. Specifically, plaintiff argues that default judgment "should only be awarded as a final resort when all other measures have been exhausted and not *** at the first opportunity to award such." Plaintiff further argues that, since defendants were not granted leave by the trial court to issue interrogatories pursuant to rule 287, plaintiff was not obligated to answer their discovery requests, so a sanction on that basis is unwarranted. Finally, plaintiff asserts that the trial court erroneously failed to provide him with an opportunity to respond.

17

¶ 52    As plaintiff notes in his brief, the trial court's order granting defendants' motion to bar plaintiff from testifying or for default judgment was entered pursuant to Illinois Supreme Court Rule 219(c) (Ill. S. Ct. R. 219(c) (eff. July 1, 2022). Plaintiff's brief, however, does not provide any discussion of Rule 219(c). This is inadequate under Supreme Court Rule 341. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (stating that an appellant's brief shall contain "argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. *** Points not argued are forfeited and shall not be raised in the reply brief *** or on petition for rehearing."); see also *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010) (failure to argue a point in the appellant's opening brief results in forfeiture of the issue). Plaintiff has forfeited this point of error, and we therefore need not consider it.

¶ 53    Moreover, as with his motion for declaratory order, the trial court's default finding and imposition of sanctions also took place during the hearing on May 17, 2023, which plaintiff has failed to include in the record on appeal. As such we must again presume the court's default and sanctions order was well grounded both factually and legally, and we are prohibited from speculating as to possible errors that the trial court may have made. See *Foutch*, 99 Ill. 2d at 391-92; *Edwards*, 74 Ill. 2d at 7. We recognize that plaintiff did include a report of proceedings for the hearing on his motion to reconsider sanctions, which took place on September 25, 2023. That transcript, however, provides no insight into the proceedings of May 17, 2023; instead, the court merely stated that it had neither heard nor seen anything to convince it that its prior decision (on May 17, 2023) was erroneous. As with the other claims, we cannot determine whether the court abused its discretion on this incomplete record. Consequently, plaintiff has forfeited review of this issue on this additional ground.

¶ 54    Setting aside the inadequacy of plaintiff's brief and the record on appeal, plaintiff's arguments are meritless. At the outset, plaintiff's argument that, since this matter began as a small-

claims case, defendants' failure to first seek leave to conduct discovery obviated any requirement that plaintiff respond to defendants' discovery requests. Small claims cases are limited to civil actions based upon tort or contract for money damages not exceeding $10,000. Ill. S. Ct. R. 281 (eff. Jan. 1, 2022). When counsel for both parties sought their respective attorney fees pursuant to the fee-shifting provision in the Agreement, the case was no longer a small claims matter because the damages exceeded that amount.

¶ 55    In addition, it is well established that circuit courts are courts of general jurisdiction. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530 (2001). The trial court in this case, sitting in District 3 of the Municipal Department of the Circuit Court of Cook County, hears "civil actions *** at law seeking compensatory and consequential money damages not in excess of $100,000," as well as actions seeking the recovery of property valued $100,000 or less, actions for forcible entry and detainer, and certain emergency petitions for involuntary inpatient admission. See Cook County Cir. Ct. G.O. 1.2, 2.3(b)(2) (Jan. 1, 2008). The trial court was therefore empowered to continue hearing the matter under the rules of civil procedure applicable to non-small claims matters. Nonetheless, even where a matter has been filed in the wrong division, the circuit judge's authority is nonetheless unaffected. See *People v. Velazquez*, 2020 IL App (1st) 181958, ¶ 15. "Although the circuit court is comprised of different divisions that hear certain types of cases, that fact does not affect a circuit judge's authority 'to hear and dispose of any matter properly pending in the circuit court.' " *Id.* (quoting *Fulton-Carroll Center, Inc. v. Industrial Council of Northwest Chicago, Inc.*, 256 Ill. App. 3d 821, 823 (1993)). We thus reject plaintiff's argument that he was entitled to ignore defendants' discovery requests because defendants failed to obtain leave of court prior to submitting its discovery requests.

¶ 56    We further disagree with plaintiff's implied assertion that the trial court entered default judgment "at the first opportunity." On the incomplete record before us, the trial court entered

*three* separate orders directing plaintiff to respond to defendants' discovery requests, but plaintiff failed to respond whatsoever. Although plaintiff claims that he was never provided an opportunity to respond to defendants' motion, there is no transcript to substantiate that the court denied plaintiff's request to respond. To the extent there are any doubts arising from an incomplete record, we must resolve them against the appellant (*i.e.*, plaintiff). *Foutch*, 99 Ill. 2d at 392.

¶ 57 Rule 219(c) provides in relevant part as follows:

> "If a party *** unreasonably fails to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:
>
> * * *
>
> (iv) That a witness be barred from testifying concerning that issue;
>
> (v) That, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party ***;
>
> (vi) That any portion of the offending party's pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue ***." Ill. S. Ct. R. 219(c) (eff. July 1, 2022).

The rule further provides that the court, upon motion or its own initiative, may also order the offending party to pay the other party's reasonable attorney fees.

20

¶ 58    "The decision to impose a particular sanction under Rule 219(c) is within the discretion of the trial court and, thus, only a *clear* abuse of discretion justifies reversal."  (Emphasis added.) *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120 (1998).  A court abuses its discretion only where its ruling is "arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view." *TruServ Corp. v. Ernst & Young, LLP*, 376 Ill. App. 3d 218, 227 (2007).

¶ 59    Again, based upon the limited record before us, plaintiff failed to respond to defendants' discovery requests even when ordered to do so by the trial court on three separate occasions.  The incomplete record plaintiff has submitted with his appeal does not reveal that the court's ruling was arbitrary, fanciful, unreasonable, or one that no reasonable person would adopt, so we are compelled to hold that the court did not abuse its discretion.

¶ 60    Plaintiff's reliance upon *Buffington v. Yungen*, 322 Ill. App. 3d 152 (2001) does not alter our holding because in that case, the court stated that there was "nothing in the record that exhibits a deliberate or contumacious disregard for the court's authority." *Id.* at 156.  Here, by contrast, there is an incomplete record, so we cannot determine whether there is a similar absence of evidence—or evidence that would refute plaintiff's failure to respond to discovery despite three separate court orders to do so.  Plaintiff's final contention of error is thus without merit.

¶ 61                                                    CONCLUSION

¶ 62    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 63    Affirmed.